**Robert E. McDONALD, Jr., individually and Robert E. McDonald, as next friend of Andrew Charles McDonald a minor**

**v.**

**PROCTER & GAMBLE COMPANY, INC., Procter & Gamble Distributing Company and Procter & Gamble Paper Products Company.**

Civ. A. No. CA4–90–526–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 5, 1990.

**474**

Richard Hunt Gateley, Richard U. Simon, Jr., Daniel A. Foster, McLean & Sanders, James Michael Liles, Law Offices of J. Michael Liles, Fort Worth, Tex., for plaintiffs.

Estil A Vance, Jr., James Kelly Leonard, Cantey & Hanger, Fort Worth, Tex., Thomas S. Calder, John E. Jevicky, Dinsmore & Shohl, Cincinnati, Ohio, for defendants.

## MEMORANDUM OPINION and ORDER DENYING AMENDED MOTION TO DISMISS AND AMENDED MOTION FOR STAY

McBRYDE, District Judge.

Came on to be considered the amended motion of defendants, The Procter & Gamble Company, The Procter & Gamble Distributing Company and The Procter & Gamble Paper Products Company, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), directed to plaintiffs' second amended original complaint.

### Memorandum Opinion

This is a diversity action by which the real plaintiffs, who are surviving children of Kathleen Lucille McDonald, deceased, are asserting the right to recover pursuant to the wrongful death statute of Texas judgment for damages they say they have suffered by reason of the death of their mother. Texas law applies.

Defendants maintain by their amended motion to dismiss and supporting brief that plaintiffs' complaint, as amended, should be dismissed because it fails to state a claim upon which relief can be granted, and they explain that the "reason for this failure is that Plaintiffs have brought a wrongful death action which has an absolute two-year period within which the action must be commenced." Memorandum in Support of Defendants' Amended Motion to Dismiss, page 3. The motion seems to assume, at least *arguendo*, that limitations would not constitute a bar to the claims of plaintiffs if Tex.Civ.Prac. & Rem.Code § 16.001 were to be given effect. Section 16.001 provides, *inter alia*, that a person is under a legal disability if the person is younger than eighteen (18) years of age and that if a person who is entitled to bring a personal action is under a legal disability when the cause of action accrues the time of the disability is not included in the limitations period.

The Court will assume, as defendants seem to do, for the purpose of this opinion and order that Robert E. McDonald, Jr., and Andrew Charles McDonald, the true plaintiffs, each was younger than eighteen years of age on the date of the death of his mother and that if § 16.001 were to be given effect in this case limitations would not be a meritorious defense as to the claims of either of the plaintiffs.

Defendants reason in support of their motion that § 16.001 should not be held applicable in this wrongful death action because of the effect given by the Texas Supreme Court in *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348 (Tex.1990) to the (b) part of Tex.Civ.Prac. & Rem.Code § 16.003 which reads as follows:

> (b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

In *Moreno*, the Texas Supreme Court provided upon certification from the United States Court of Appeals for the Fifth Circuit answers to two questions, one pertinent to the interplay, if any, between the "discovery rule" and § 16.003(b) and the

other dealing with the constitutionality of § 16.003(b) if it is given a certain effect.

The precise holdings of the court in *Moreno* are that the discovery rule does not apply to Tex.Civ.Prac. & Rem.Code § 16.003(b) and that § 16.003(b) as applied to the plaintiffs in *Moreno* does not violate article I, section 13 of the Texas Constitution. The Court emphasized that:

> [T]hese issues are before us on certified questions from the Fifth Circuit. This is a very limited procedural device; *we answer only the questions certified and nothing more.* (emphasis added) 787 S.W.2d, at 349.

Defendants seek support for their motion to dismiss in the statement made by the Texas Supreme Court in *Moreno* that:

> "The language used in section 16.-003(b) reflects a clear legislative intent to adopt an absolute two-year limitations period for wrongful death actions...." 787 S.W.2d, at 354.

The defense argument goes that if the language used in § 16.003(b) reflects such a clear legislative intent to adopt an absolute two-year limitations period for wrongful death actions then the tolling provision for persons under a legal disability contained in § 16.001 must not be applicable to a wrongful death action.

The Court has concluded that the defense reading of *Moreno* is too ambitious and that nothing said by the court in *Moreno* justifies a conclusion that § 16.001 is not applicable in a wrongful death case. The language in *Moreno* upon which defendants rely is directed to the question of whether the discovery rule, which delays "accrual" of a cause of action, can be applied to delay accrual of a wrongful death cause of action beyond the date of death of the injured person. The court reasoned that the clear wording of § 16.003(b) that a wrongful death "cause of action accrues on the death of the injured person" preclude applicability of the discovery rule to § 16.003(b). This is the context in which the court used the "absolute-two-year limitations period for wrongful death actions" language. Nothing in the court's opinion remotely suggests that the tolling contemplated by § 16.001 is not applicable to a wrongful death cause of action.

Section 16.001 does not purport to postpone accrual of the cause of action to a point in time after the date of death of the injured person. It simply gives a person under a legal disability an extension of time beyond accrual of the cause of action within which to bring his suit by saying that if the person entitled to bring the action is under a legal disability when the cause of action accrues "the time of the disability is not included in the limitations period."

For the reasons given above, the Court is of the opinion that the defense motion to dismiss should be denied. If discovery discloses that there is basis for a limitations defense other than the reasoning advanced in support of the defense motion, the matter of limitations can again be put in issue through an appropriate means.

## Order

The Court, therefore, ORDERS that the motion, as amended, of The Procter & Gamble Company, The Procter & Gamble Distributing Company and The Procter & Gamble Paper Products Company to dismiss be, and is hereby, denied.

Because of the ruling made above, Defendants' Amended Motion for Stay of Discovery and for Protective Order is rendered moot.

The Court, therefore, ORDERS that Defendants' Amended Motion for Stay of Discovery and for Protective Order be, and it is, denied.