**Ronald BANGERT, Next Friend of Alden Paul Bangert, a Minor, Appellant,**

v.

**BAYLOR COLLEGE OF MEDICINE and Bruce Hirschfeld, M.D., Appellees.**

No. 01–93–00878–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 4, 1994.

John H. Holloway, Houston, for appellant.

Marion W. Kruse, Jr., Houston, for appellee Bruce J. Hirschfeld, M.D.

Claude M. McQuarrie, III, Houston, Ben Taylor, Dallas, for appellee Baylor College of Medicine.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION ON MOTIONS
## FOR REHEARING

MIRABAL, Justice.

Appellants and appellees have each filed a motion for rehearing. We overrule the parties' motions for rehearing, withdraw our earlier opinions and substitute the following in its stead.

This is an appeal from a take-nothing summary judgement in favor of appellees, Baylor College of Medicine (Baylor) and Dr. Bruce J. Hirschfeld, two of several defendants in a wrongful death action.

The petition filed in the trial court alleged that Mary Broussard, the decedent, was admitted to Methodist Hospital on August 12, 1985, for a gastric stapling procedure, which was performed on August 15, 1985. Broussard developed complications following surgery and died on August 22, 1985.

On August 13, 1987, Broussard's husband and daughter timely sued various parties, *not including* appellees Baylor and Dr. Hirschfeld, alleging wrongful death and survival claims based upon medical malpractice.

Approximately five and one-half years after Broussard's death, the first amended original petition, filed on April 17, 1991, named Baylor as a defendant for the first time. Appellant[1] (the minor) was also added as a new plaintiff for the first time. The minor was the adopted son of Broussard at the time of her death.

In the second amended petition filed on March 6, 1992, (approximately six and one-half years after Broussard's death), Dr. Hirschfeld was added as a defendant for the first time. The only claims asserted against Baylor and Dr. Hirschfeld in the second amended petition were those of the minor.[2] Broussard's husband and daughter conceded that their claims against appellees were barred by limitations, and proceeded only against the original defendants.

The trial court granted summary judgment in favor of appellees on the minor's claims, and severed the judgment. In three points of error, the minor asserts the trial court erred in entering a take-nothing summary judgment on his wrongful death causes of action.

█ In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the non-movant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.— Houston [1st Dist.] 1989, writ denied). Every reasonable inference will be resolved in

---

1. Ronald Bangert, next friend of Alden Paul Bangert, a minor, brought the action on behalf of the minor in the trial court and on appeal.

2. The minor asserted a survival action on behalf of the estate against Baylor and Dr. Hirschfeld, as well as a wrongful death claim against Baylor and Dr. Hirschfeld. However, the only issue on appeal is whether the minor's wrongful death action has been barred or extinguished.

the non-movant's favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988); *Goldberg,* 775 S.W.2d at 752. The movant has the burden of showing that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60; *Goldberg,* 775 S.W.2d at 752.

■ Summary judgment is proper for a defendant if the summary judgment proof establishes as a matter of law that there exists no genuine issue of material fact concerning one or more of the plaintiff's causes of action. *Goldberg,* 775 S.W.2d at 752. Summary judgment is also proper for a defendant if the evidence conclusively establishes all elements of an affirmative defense as a matter of law. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex.1984) (quoting *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

As grounds for summary judgment, appellees asserted that any *survival action* brought on behalf of the estate against them after August 22, 1988 was barred by limitations. Therefore, at the time the minor sued Baylor in 1991, and Dr. Hirschfeld in 1992, the statute of limitations as to the *survival action* had expired. Therefore, they argued, because no survival action was viable against them, no cause of action for wrongful death by the minor could exist, because of the derivative nature of a wrongful death action. In other words, they argue the minor's wrongful death cause of action was extinguished at the point in time when limitations barred the estate's survival action.

■ Texas' wrongful death statute allows an action by a decedent's beneficiaries "only if the *individual injured* would have been entitled to bring an action for the injury *if he had lived.*" TEX.CIV.PRAC. & REM.CODE ANN.

§ 71.003(a) (Vernon 1986) (emphasis added). Therefore, if a decedent could have maintained suit for personal injuries at his or her death, the decedent's statutory beneficiaries may sue for wrongful death. *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 348 (Tex. 1992).

■ In the present case, therefore, the minor's ability to bring a wrongful death action against Baylor and Dr. Hirschfeld, respectively, is evaluated in terms of his mother's ability to sue Baylor and Dr. Hirschfeld as of August 22, 1985, the date of death, for her personal injuries. Mrs. Broussard died only seven days after the medical procedure that allegedly caused her fatal personal injuries. We hold that because Mrs. Broussard could have sued for her injuries had she lived, the minor has a cause of action for wrongful death, as long as it is not barred by limitations. Appellees' argument that the minor's cause of action for wrongful death was extinguished when the estate's survival cause of action became time-barred, is without merit.

■ Because the minor's wrongful death claims are health care liability claims, they are governed by the Medical Liability Act, TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Pamph.1994). *Todd v. Planned Parenthood,* 853 S.W.2d 124, 127 (Tex.App.—Dallas 1993, writ denied); *Blackmon v. Hollimon,* 847 S.W.2d 614, 616, 617 (Tex.App.—San Antonio 1992, writ denied). The Medical Liability Act specifically states that "minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the [health care liability] claim." TEX.REV.CIV.STAT.ANN. art. 4590i, § 10 (Vernon Pamph.1994).[3] Appellees did not assert as grounds for summary judgment that after the minor's wrongful death causes of action

---

3. The dissenting opinion states:
    The wrongful death minor is not the injured person and therefore, the statute of limitations applicable to health care claims cannot be used to extend the statute of limitations in this derivative action. The minor in this case has a derivative claim under the wrongful death statute and not a claim as defined under the Medical Liability Act.
    We note that even under the wrongful death statute, the statute of limitations period for

minors is tolled. TEX.CIV.PRAC. & REM.CODE ANN. §§ 16.001(a) and (b) (Vernon 1986 & Supp. 1994). The purpose of tolling provisions for minors and incompetent persons is to protect persons who have no access to the courts, and to insure that their right to bring suit will not be precluded by the running of the statute of limitations prior to the removal of their disability. *Ruiz v. Conoco, Inc,* 868 S.W.2d 752, 755 (Tex.1993).

accrued, the statute of limitations had run because the statutory minor's tolling provisions did not apply to toll the running of the statute of limitations.[4] Appellees specifically state in their brief that this case is *not* "about the effect of any minor's tolling provision found in the statute of limitations. In granting appellees' motion for summary judgment, the trial court was not asked to rely upon any statute of limitations as a bar to the minor's action." Because appellees did not prove the minor's wrongful death claims were extinguished or never accrued, or that once accrued, they were barred by limitations, the trial court erred in entering a take-nothing summary judgment on the minor's wrongful death actions. Accordingly, we sustain the minor's points of error.[5]

We reverse the portion of the summary judgment on the minor's wrongful death claims against appellees, and remand only the wrongful death actions to the trial court.

HUTSON–DUNN, J., dissents.

HUTSON–DUNN, Justice, dissenting on motions for rehearing.

I dissent.

In this case, a minor has brought a derivative action under the wrongful death statute because of health care injuries sustained by his deceased mother. The issue here is whether a minor, who is a wrongful death beneficiary, can use the statute of limitations provided in the Medical Liability Act for injured minors, to extend the two-year period of limitations, applicable under this act to the injured adult, because of his status as a minor under the wrongful death act.

The Medical Liability Act provides in part:

*"Notwithstanding any other law,* no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the ˙claim...."

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10 (Vernon Pamph.1994) (emphasis added).

As stated in *Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 346 (Tex.1992), the wrongful death statute allows an action by a decedent's beneficiaries "only if the individual injured would have been entitled to bring an action for the injury if he had lived." (citing TEX.CIV.PRAC. & REM.CODE ANN. § 71.003 (Vernon 1986)). Reaffirming its holding in *Vassallo v. Nederl–Amerik Stoomv Maats Holland,* 162 Tex. 52, 344 S.W.2d 421, 424 (1961), the court in *Russell* stated, "a wrongful death action is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death and is subject to the same defenses to which the decedent's action would have been subject," *Russell,* 841 S.W.2d at 347, i.e., in this case the two-year statute of limitations set out under the Medical Liability Act. Here, "had death not ensued," the injured person could not have maintained a cause of action after the expiration of the two years provided for

---

4. We note that appellant's brief states that the minor was approximately six years old at the time of Broussard's death, 11 years old at the time appellee Baylor was sued, and 12 years old at the time appellee Hirschfeld was sued. However, the summary judgment record is silent regarding the minor's age, presumably because appellees' theory was not based on whether the statute of limitations had run on the minor's personal cause of action for wrongful death. Rather, appellees argued the minor had no cause of action that existed separately if the estate's survival cause of action did not exist—once the estate's survival cause of action was barred, the minor's cause of action for wrongful death was automatically extinguished according to appellees' theory. We reject appellees' theory, when,

as here, the decedent could have maintained suit for personal injuries at her death; once the minor's cause of action for wrongful death accrued, it was a personal cause of action subject, independently, to the limitations and tolling provisions.

5. We note appellees' procedural argument that the minor's points of error: (a) are insufficient to preserve a challenge to the summary judgment, and (b) raise arguments that were not raised in the trial court. We have compared the minor's points of error with the summary judgment record, and we conclude the points of error are sufficient.

in the medical malpractice statute of limitations. The minor suing for wrongful death inherited the two-year statute of limitations applicable to the injured adult in the underlying cause of action.

The majority cites the second half of article 4590i, § 10 and notes that the minor in this case was under the age of 14 when the claims were filed and therefore, the statute has not run. However, this portion of the Medical Liability Act does not apply to the minor in this case. The Act states:

"Health care liability claim" means a cause of action ... which proximately results in injury to or death *of a patient....*

TEX.REV.CIV.STAT.ANN. art. 4590i § 1.03(a)(4) (Vernon Pamph.1994). Therefore, a health care claim and the applicable statute of limitations apply to persons who have been injured or who have died. The wrongful death minor is not the injured person and therefore, the statute of limitations applicable to health care claims cannot be used to extend the statute of limitation in this derivative action. The minor in this case has a derivative claim under the wrongful death statute and not a claim as defined under the Medical Liability Act. Therefore, I disagree with the majority's attempt to *bootstrap* a wrongful death beneficiary into the statute of limitations provided specifically for persons with health care injuries.

Further, I do not agree that the statute of limitations in the wrongful death statute wipes out the defenses of limitation in the medical liability act. I would hold that in those cases where the underlying cause of action is subject to the medical liability act, that even though the beneficiary under the wrongful death statute is a minor, the medical malpractice statute is not tolled or invalidated as a defense.

In *Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985), the Supreme Court held that the tolling provision of TEX.REV.CIV.STAT.ANN. art. 5537 (Vernon 1958), tolling the limitation periods when defendant is absent from state, does not toll the statute of limitations of the medical liability act. 686 S.W.2d 610, 611 (Tex.1985). In construing the Medical Liability Act the Court emphasized the language, "[n]otwithstanding any other law,"

and determined that art. 5537 was a part of the other law made inapplicable by the act. *Id.*

I would follow this precedent noting that the language of the statute is clear and exclusive; that any statute extending limitations is a part of the "other law" made inapplicable by the Medical Liability Act and therefore, under *Hill,* minority tolling provisions are inapplicable to the medical liability statute. *Id.; Sanchez v. Memorial Medical Center Hospital,* 769 S.W.2d 656, 660 (Tex.App.—Corpus Christi 1989, no writ).

Appellant argues open courts as a defense to the applicability of the two-year statute of limitations set out in the medical liability statute as it pertains to the child's wrongful death cause of action. Wrongful death is a statutory cause of action. TEX.CIV.PRAC. & REM.CODE ANN. § 71.000 et seq. (Vernon 1986 & Supp.1994). Persons can only assert "open courts" as against common law causes of action; therefore, the child's cause of action in this case is not subject to the open courts argument. *Suber v. Ohio Medical Products,* 811 S.W.2d 646, 650 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

Appellant agrees, in his response filed on behalf of the minor plaintiff, that this suit was not filed against the moving defendants, Baylor College of Medicine and Dr. Bruce Hirschfeld, within two years after the death of the minor's mother. Based on this statement, it is fair to assume that neither was the suit filed within two years of the injury sustained by his mother as required by the medical liability act. Therefore, I would find that the minor's wrongful death action is barred by the two-year statute of limitations applicable to the adult injured mother under the medical liability act. TEX.REV.CIV.STAT. ANN. art. 4590i, § 10 (Vernon Pamph.1994).

I would affirm the summary judgment.