Beverly DAVIS, Appellant,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 01–96–00793–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1997.

Rehearing Overruled June 3, 1997.

Eric C. Hixon, Houston, for appellant.

David E. Lueders, Houston, for appellee.

Before HEDGES, O'CONNOR and
BASS[1], JJ.

## OPINION

HEDGES, Justice.

Appellant, Beverly Davis, appeals a summary judgment rendered in favor of appellee, Allstate Insurance Company. Davis sued Allstate to recover under her underinsured motorist coverage after Allstate denied her claim. On appeal, Davis asserts that (1) the trial court erred in granting Allstate's summary judgment because there was a fact issue whether her breach was material; (2) the trial court used the incorrect standard of review in granting Allstate's motion for summary judgment; and (3) the trial court erred in considering certain affidavit testimony be-

---

1. The Honorable Sam Bass, retired Justice, Court of Appeals, First District of Texas at Hous- ton, sitting by assignment.

cause it was self-serving and not readily controvertible. We reverse and remand.

## FACTS

Solange Gijon, Davis, and another individual were involved in a car accident caused when Gijon ran a red light. As a result of the accident, Davis sustained injuries which required surgery. Davis settled with Gijon's insurance company for $25,000, the policy limit. She then made a demand to Allstate, her insurance company, under her underinsured motorist coverage for the remainder of the costs associated with her injuries. Allstate denied the claim when it discovered that she had settled with Gijon's insurance company without its consent. Davis sued Allstate for (1) breach of contract, (2) breach of duty of good faith and fair dealing, (3) violation of the Deceptive Trade Practices Act (DTPA),[2] and (4) violation of TEX.INS. CODE ANN. art. 21.21, § 4 (Vernon Supp. 1997). The trial court granted Allstate's motion for separate trial and plea in abatement on the latter three causes of action. Allstate then filed a motion for summary judgment claiming that Davis breached her insurance contract by settling with Gijon's insurance company without its consent. Allstate asserted that this breach was material and that it was prejudiced by losing a valuable subrogation right against the Gijons. The trial court granted Allstate's motion.

## MATERIAL BREACH AND PREJUDICE

In points of error two and three, Davis contends that the trial court erred in rendering summary judgment for Allstate on the basis that Davis materially breached her insurance policy and prejudiced Allstate when she settled with Gijon's insurance company without Allstate's consent. Davis argues that there are fact issues regarding whether Allstate's right of subrogation against the Gijons had value, and that the value of those rights determines the materiality of the breach. Davis does not deny that she settled without Allstate's consent. She argues that there are fact issues concerning the ability of the Gijons to pay a judgment that Allstate might have obtained. She concludes that

these fact issues preclude Allstate from establishing as a matter of law that it was prejudiced by her breach. We agree.

### Standard of Review

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Medicine,* 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Long v. State Farm Fire & Casualty Co.,* 828 S.W.2d 125, 126–27 (Tex.App.— Houston [1st Dist.] 1992, writ denied). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993); *Bangert,* 881 S.W.2d at 565–66; *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *Johnson,* 891 S.W.2d at 644; *Bangert,* 881 S.W.2d at 565; *Thompson v. Vinson & Elkins,* 859 S.W.2d 617, 619 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987); *Marchal,* 859 S.W.2d at 412. A defendant is also entitled to summary judgment if it conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991); *Bangert,* 881 S.W.2d at 566; *Marchal,* 859 S.W.2d at 412.

Insurance policies are contracts, and as such are subject to rules applicable to contracts generally. *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 692 (Tex. 1994). When one party to a contract commits a material breach of that contract, the other party is discharged or excused from

---

**2.** TEX.BUS & COM.CODE ANN. § 17.46 *et seq.* (Vernon 1987).

any obligation to perform. *Id.* In determining the materiality of a breach, courts will consider, among other things, the extent to which the nonbreaching party will be deprived of the benefit that it could have reasonably anticipated from full performance. *Id.* at 693. The less the non-breaching party is deprived of the expected benefit, the less material the breach. *Id.* When an insured breaches a settlement-without-consent clause in an insurance policy, the breach is material only if the insurer is prejudiced by the settlement. *Id.* An insurer is prejudiced when the insured's settlement without consent deprives the insurer of a subrogation right that has value. *Id.*

### Analysis

 In this case, Davis' insurance policy with Allstate provided underinsured motorist coverage. The policy contained the following exclusion: "We do not provide Uninsured/Underinsured Motorists Coverage for any person if that person or the legal representative settles the claim without our consent." Davis settled a claim with Gijon's insurance company without Allstate's consent. When Davis made a claim against her underinsured motorist coverage, Allstate denied coverage based on the exclusion. Davis then filed suit seeking recovery under a breach of contract cause of action as well as other causes of action. In its motion for summary judgment, Allstate claimed that it was prejudiced when Davis settled without its consent because it lost a subrogation right against the Gijons. Allstate attached an affidavit by one of its adjusters, Jann Perry, stating that it was Allstate's usual practice to investigate when asked for permission to settle in order to determine the likelihood of pursuing a judgment by way of subrogation. Perry asserted that Allstate did not give up that right if there was a chance of recovery against the tortfeasor. Allstate further contended that this right was a valuable right. To support its contention, Allstate pointed to the deposition testimony of the Gijons. Solange Gijon testified that she had a bachelor's degree and was an elementary school teacher. Her salary at the time of the accident was around $22,000, but had increased to $30,000 at the time of the lawsuit. Ricardo Gijon testified that he had a master's degree in business, his salary at the time of the lawsuit was around $85,000 including bonuses, and he had a $55,000 retirement fund. Their testimony showed that they had put $25,000 down on a new home worth $172,000. Allstate argued that the Gijons' education, earning capacity, experience, and ability would allow them to continue to increase their financial standing.[3] Allstate concluded, therefore, that a judgment against the Gijons via a subrogation action would have been valuable.

In her response to Allstate's motion for summary judgment, Davis contended that any judgment against the Gijons by way of Allstate's subrogation right would have had no value. Davis refers to the Gijon's deposition testimony as well. At the time of the accident, the Gijons had a combined income of $70,000, they had $80,000 in debt (mostly the house), they had no savings accounts, they owned no other property, and they owned three vehicles. In addition, the testimony showed that they borrowed $7,000 from the retirement fund and $5,000 from a friend in order to make the $25,000 down payment on their house. Davis argues that the homestead laws and $60,000 personal property exemption would allow the Gijons to file bankruptcy in order to avoid a judgment against them. Davis concludes that a judgment against the Gijons would have had no value and, therefore, Allstate was not prejudiced in losing its subrogation right.

Indulging every reasonable inference in favor of Davis and taking all evidence favorable to Davis as true, we hold that the trial court erred in rendering summary judgment for Allstate. Allstate's evidence did not establish as a matter of law that the subrogation right it lost was sufficiently valuable to make the breach material. *See Hernandez,* 875 S.W.2d at 693. There remain questions of fact whether the assets of the Gijons would be sufficient to pay a meaningful

---

**3.** Allstate also relies on a statement made by Mr. Gijon that he would try to pay any judgment against them. Although cited, the page of the deposition containing this statement was not in the summary judgment motion. We do not consider it, therefore.

amount of any judgment that Allstate might have obtained against them.

We sustain points of error two and three.

In light of our holding, we need not rule on points of error one and four.

We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.