**Ferol DECKER, Appellant,**

v.

**Emilio URRUTIA and Penske Truck Leasing Co., L.P., Appellees.**

No. 01–96–01560–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1998.

Opinion Overruling Rehearing
April 30, 1998.

Dan Hennigan, Houston, for Appellant.

William Harmond, Tim S. Leonard, Houston, for Appellees.

Before MIRABAL, HEDGES and ANDELL, JJ.

## OPINION

MIRABAL, Justice.

Following an automobile accident, plaintiff Ferol Decker settled his claims against defendant Emilio Urrutia (the driver of the other vehicle, a rented truck) and defendant Penske Truck Leasing Co. (the truck rental company). After the settlement, plaintiff sued the defendants for negligence, alleging the settlement was void due to fraud or mutual mistake. Plaintiff appeals a take-nothing summary judgment in favor of both defendants. We reverse and remand.

On June 5, 1995, the driver of the rental truck crossed the road center line and struck plaintiff's car head-on, causing plaintiff to incur over $100,000 in medical expenses. Plaintiff alleged that several days after he was released from the hospital, an insurance adjuster calling on behalf of the truck driver told plaintiff there was only $20,000 of insurance coverage to pay his personal injury claim. The same representation was made to plaintiff's attorneys by an adjuster representing the interests of the rental company. Plaintiff settled his personal injury claim for that amount. As part of his settlement, plaintiff signed a release, releasing both defendants from any liability arising from the June 5, 1995 accident.

According to plaintiff's summary judgment affidavit, he later learned from a Penske Truck rental agent that the leasing company actually had one million dollars coverage. Plaintiff hired a new attorney and sued the defendant driver for negligence and the leasing company for negligently leasing the truck to the defendant driver. Defendants answered, asserting affirmative defenses of release, accord and satisfaction, and estoppel.

The leasing company filed a motion for summary judgment asserting that, based on the release, which established its affirmative defenses of release, accord and satisfaction, estoppel, and payment, it was entitled to a take-nothing judgment, as a matter of law. In response, plaintiff filed a supplemental petition and a response to the motion for summary judgment, asserting the release was void because of fraud or, alternatively, that the parties were mutually mistaken regarding the amount of coverage available for his claims. Plaintiff supported his summary judgment response with the pleadings, answers to interrogatories, and requests for admissions on file, as well as with affidavits by himself and two attorneys who had represented him after the accident.

The leasing company filed a reply to plaintiff's response, and in it requested summary judgment for the defendant driver as well as itself. The trial court granted a summary judgment ordering that plaintiff take nothing on his claims against both defendants.

In his first and second points of error, plaintiff asserts the trial court erred in granting summary judgment for defendants. Specifically, plaintiff argues that the summary judgment evidence raises fact issues about his claims of fraud and mutual mistake.

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In reviewing the summary judgment, we will take all evidence favorable to the nonmovant as true, indulging every reasonable inference in favor of the nonmovant and resolving any doubt in its favor. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66. Fraud and mutual mistake are affirmative defenses in the

nature of confession and avoidance, and for a nonmovant/plaintiff to use them in a summary judgment proceeding to defeat a movant/defendant's establishment of release, the plaintiff has the burden of raising a fact issue with respect to them. *Williams v. Glash*, 789 S.W.2d 261, 263–64 (Tex.1990); *Deer Creek Ltd. v. North Am. Mortgage Co.*, 792 S.W.2d 198, 201 (Tex.App.—Dallas 1990, no writ).

Both parties agree that this case turns on whether, in fact, the amount of available insurance coverage was $20,000.00. If such was the case, there was no misrepresentation and no mistake.

■ The insurance policy providing coverage in this case was issued by Old Republic Life Insurance Company to the defendant truck leasing company. The policy provides for one million dollars in liability coverage per accident, and includes as covered "insureds" people like the defendant truck driver who leased the truck from the leasing company. The dispute in this case centers around the effect of an endorsement to the insurance policy, which amends the section defining "insureds" as follows:

#### WHO IS AN INSURED

It is agreed Section II. A. 1 of Business Auto Coverage Form CA0001 (12–93) is amended to include the following:

C. Both lessees and rentees of covered autos as insureds, but only to the extent and for the limits of liability agreed to under contractual agreement with the named insured.

It is uncontested that the rental agreement between the defendant driver and the defendant truck leasing company provides for liability insurance coverage[1] up to the requirements of the applicable financial responsibility law, i.e., in the present case, only up to $20,000 for bodily injury arising from an accident.[2] However, it is plaintiff's position that the insurance provision in the rental agreement is void because it is not written on a form prescribed by the State Board of Insurance, nor is it written into the main insurance policy. Further, plaintiff argues the endorsement (quoted above) itself is a nullity because Old Republic Insurance Company did not use the required endorsement form. Plaintiff relies on the following provisions of the Insurance Code:

Art. 5.06. Policy Forms and Endorsements

(1) The Board shall adopt a policy form and endorsements for each type of motor vehicle insurance subject to this subchapter. . . .

(2) Except as provided by subsections (3) and (4)[3] of this article, an insurer may only use a form adopted by the Board under this section in writing motor vehicle insurance delivered, issued for delivery, or renewed in this State. A contract or agreement not written into the application and policy is void and of no effect and in violation of the provisions of this subchapter, and is sufficient cause for revocation of license of such insurer to write automobile insurance within this State.

Tex. Ins.Code Ann. art. 5.06 (Vernon Supp. 1998).

Plaintiff attached to his summary judgment response relevant forms that have been prescribed by the Insurance Board, including an endorsement form to be used to reduce the limits of automobile liability insurance coverage for leased vehicles. Attached as an appendix to this opinion is the approved endorsement form for such purpose. Plaintiff summarized his position as follows:

The fly in the ointment was put there by Old Republic. Although it used a policy in substantial compliance with that promulgated by the Board, it failed to use the endorsement specifically designed to limit coverage to lessees. Instead, it chose to attach an endorsement to the policy on which it attempted to delegate authority to [the truck leasing company] to determine the 'extent' and 'limits of liability' of cover-

---

**1.** The driver elected to purchase the auto liability insurance coverage through the leasing company.

**2.** Texas Transportation Code Annotated § 601.072 (Vernon Pamph.1998).

**3.** Subsections (3) and (4) are not relevant.

age provided to the lessees in the Rental Agreement. The Rental Agreement was not approved by the Board.

Accordingly, plaintiff argued the insurance provisions in the rental agreement are void because they are not written on forms prescribed by the State Board of Insurance, nor are they written into the policy. We agree.

■ Insurers are required by law to use the endorsement forms prescribed by the State Board of Insurance. *Springfield v. Aetna Cas. & Sur. Ins. Co.*, 620 S.W.2d 557, 558 (Tex.1981). Article 5.06 governs policy forms and endorsements, declaring void and of no effect any agreement not written into the insurance application and policy. *DiFrancesco v. Houston Gen. Ins. Co.*, 858 S.W.2d 595, 598 (Tex.App.—Texarkana 1993, no writ); art. 5.06(2) (Vernon Supp.1998). It is uncontested that the endorsement form involved in this case was not prescribed or approved by the State Board of Insurance. The portion of the separate rental agreement that stated the extent and limits of liability coverage was an agreement "not written into the application and policy," and therefore, as a matter of law, said limitations on coverage were "void and of no effect." Tex. Ins.Code Ann. art. 5.06(2).[4]

Accordingly, the amount of insurance coverage available to pay plaintiff's personal injury claim was not limited to $20,000.00. At a minimum, the summary judgment evidence raises a fact issue with regard to plaintiff's affirmative defense of mutual mistake. Therefore, we sustain plaintiff's points of error one and two.

We reverse the summary judgment and remand the case to the trial court for further proceedings.

## APPENDIX

TEXAS AUTOMOBILE RULES AND RATING MANUAL

**TE 20 13A**
**(Ed. Effective 3/92)**

### LEASING OR RENTAL CONCERNS — SCHEDULE OF LIMITS FOR OWNED AUTOS

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
TRUCKERS COVERAGE FORM

SCHEDULE

Named Insured

| Designation of Autos | Limits of Insurance | | |
|---|---|---|---|
| Autos leased or rented under a leasing or rental agreement for one year or more | Combined Limit of Liability Per Accident | Bodily Injury Liability per Person/per accident | Property Damage Liability Per Accident |
| Private passenger autos | $ | $ | $ |
| Commercial autos | $ | $ | $ |
| Other | $ | $ | $ |
| Autos leased or rented under a leasing or rental agreement for less than one year | $ | $ | $ |
| Private passenger autos | $ | $ | $ |
| Commercial autos | $ | $ | $ |
| Other | $ | $ | $ |
| Autos owned by you and not subject to a lease or rental agreement | $ | $ | $ |

4. We note that defendants have cited authorities from other jurisdictions in support of their position, but none of defendants' cases involved statutory provisions similar to the Texas statute that controls here.

## ON MOTION FOR REHEARING

We overrule the motions for rehearing filed by defendants Urrutia and Penske. In doing so, we note that the *Schlumberger* case [1] relied on by defendants is distinguishable from the present case.

█ Defendants argue that under *Schlumberger* the release signed by plaintiff bars recovery. In *Schlumberger,* the very purpose of the release was to end the *dispute about the value* of the joint project, and, therefore, the plaintiffs were bound by the disclaimer of reliance on representations *regarding value. Id.* at 180.[2] In the present case, there is evidence that there was *never a dispute* about the *maximum limits* of available insurance coverage; rather, there is evidence that *both parties* were *mistaken* about the limits of available coverage.

█ The general rule applies in the present case: a release is a contract, and like any other contract, is subject to avoidance on grounds such as mutual mistake. *Williams v. Glash,* 789 S.W.2d 261, 264 (Tex.1990).

---

**1.** *Schlumberger Technology Corp. v. Swanson,* 959 S.W.2d 171 (1997).

**2.** The supreme court in *Schlumberger* specifically emphasized that "a disclaimer of reliance ... will not always bar" a claim, and it specifically limited its holding to the facts before it. *Id.* at 181.