Mark S. MOULTON, Appellant,

v.

Richard VAUGHN, Appellee.

No. 01–98–00010–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 14, 1998.

Opinion Overruling Rehearing July 9, 1998.

Henry Caly McGuffey, Austin, for Appellant.

Robert J. Thomas, Houston, for Appellee.

Before COHEN, WILSON and NUCHIA, JJ.

## OPINION

NUCHIA, Justice.

Appellant, Mark S. Moulton, Chief of Police of the University of Houston Downtown (UH–Downtown), brings this interlocutory appeal from denial of his motion for summary judgment based on official immunity. We reverse and render judgment that appellee, Richard Vaughn, take nothing.

### Facts

Vaughn had worked for several years as a peace officer with the University of Houston central campus police department when he applied for a position as a peace officer for the UH–Downtown campus. The downtown campus and the central campus are run as distinct, individual institutions; their respective police departments have separate chains of command and independent hiring procedures. Although the two campuses operate independently, they are governed by a single Board of Regents.

Moulton sent a letter to Vaughn informing him he had been selected for employment contingent on the results of physical, psychological, and polygraph examinations. Before undergoing the psychological evaluation, Vaughn signed a form consenting to the release of the results to only two entities—the downtown police department and the Texas Commission on Law Enforcement Officer Standards and Education. There was no mention of the central campus police department.

Dr. Gregory Riede, a psychologist hired by UH, evaluated Vaughn. Based on the results, he refused to certify that Vaughn was psychologically fit for employment. Moulton rescinded the job offer. On the advice of a University of Houston staff attorney who represents both the downtown and the central campus, Moulton met with George Hess, chief of the central campus police department, and divulged the results of Vaughn's exam. Hess placed Vaughn on administrative leave with pay and ordered additional testing. After two other psychologists evaluated Vaughn and refused to certify him fit for duty, Hess terminated him.

Vaughn sued UH–Downtown and Moulton in his official capacity for wrongful disclosure of the psychological test results. The trial court denied Vaughn's motion for summary judgment and rendered summary judgment for UH and Moulton. Vaughn amended his petition to name Moulton in his individual capacity. The Fourteenth Court of Appeals reversed the judgment as to Moulton, noting Moulton needed to argue official immunity, not sovereign immunity, and that he had submitted no proof the elements of official immunity. *Vaughn v. Moulton,* No. 14–95–01467–CV, 1997 WL 128543 (Tex.App.— Houston [14th Dist.] 1997, no writ) (op. on reh'g) (not designated for publication).

Moulton filed a new motion for summary judgment, asserting official and quasi-judicial immunity. The trial court denied the motion, and this interlocutory appeal ensued.

## Standard of Review

Summary judgment is proper when a movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Bangert v. Baylor College of Med.,* 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In reviewing the summary judgment, we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Bangert,* 881 S.W.2d at 565–66. A defendant is entitled to summary judgment if he conclusively establishes all elements of an affirmative defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991); *Bangert,* 881 S.W.2d at 566. We must determine if Moulton conclusively established each element of the defense of official immunity

## Official Immunity

■ To show he is entitled to official immunity, Moulton must show his disclosure of the test results to Hess was (1) a discretionary function, (2) performed in good faith, and (3) within the scope of his authority. *Kassen v. Hatley,* 887 S.W.2d 4, 8–9 (Tex.1994).

### 1. Discretionary Function

■ An official is not entitled to immunity when he performs a ministerial duty. *Id.* at 9. If an act involves personal deliberation, decision and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 654 (Tex.1994). Vaughn contends the Health and Safety Code expressly forbids disclosure of mental health records. Thus, he argues, Moulton's act was ministerial because he had no choice but to keep the test results confidential. Moulton, based on the same statute, argues his act was discretionary, not ministerial.

The relevant portion of the statute governing disclosure of mental health records provides:

> A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information.

TEX. HEALTH & SAFETY CODE ANN. § 611.004(d) (Vernon Supp.1998). This is not a blanket prohibition against disclosure—it permits disclosure in certain circumstances. Because the recipient of the information may decide to disclose it, the act of disclosure necessarily involves deliberation and the exercise of discretion. We hold Moulton was performing a discretionary act, not a ministerial one.

### 2. Good Faith

■ If a reasonably prudent officer, under the same or similar circumstances, could have believed disclosure was consistent with the purposes for which he obtained the confidential information, Moulton acted in good faith. *See Chambers,* 883 S.W.2d at 656. We note at the outset that, before disclosing the information, Moulton met with a University of Houston systems attorney and sought her advice on how to proceed. In his deposition and affidavit, Moulton testified he acted without ill will, bad faith, bad feelings toward Vaughn, or with reckless disregard for Vaughn's rights. In an affidavit submitted in support of the motion for summary judgment, Donald R. Cannon, police chief at the University of Texas, testified he would consider it his duty, and the duty of any police chief of a university system in Texas, to report information concerning an officer's psychological fitness for duty to his supervisor. These affidavits established a prima facie showing of good faith. Thus, the burden shifted to Vaughn to submit a counteraffidavit or otherwise show that no reasonable person in Moulton's position could have thought his acts were justified. *See id.* at 657. Vaughn did not meet this burden—he submitted no controverting affidavits. Although Vaughn objected to Moulton's affidavits, this did not discharge his burden.

In a cross-point, Vaughn contends the trial court erred in overruling his objections.[1] Because we are rendering judgment for Moulton, we will rule on this cross-point, even though this appeal would otherwise be limited to the issue of immunity.

◼ Vaughn objected that Cannon's affidavit was not relevant, not reliable, not based on personal knowledge, merely based on opinion, self-serving, biased, and not credible. Most of these *(i.e.,* not relevant, not reliable, self-serving, biased, not credible) are general objections. Moreover, they are directed to the affidavit as a whole and do not point out which part is objectionable on which ground. Consequently, they preserve nothing for review. *See* TEX.R.APP.P. 33.1(a)(1)(A).

◼ Vaughn also objected that the affidavit was inadmissible under *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 557 (Tex.1995). Cannon's affidavit provides:

I am the Chief of Police at The University of Texas at Austin and have served in that capacity for 27 years. Prior to that, my experience in law enforcement included 5 years as the Chief of Police, City of Killeen, Texas. I am competent to make this Affidavit.

If I received information in my official capacity as a Chief of Police within the University of Texas System, I would consider such information to be disclosed to the University of Texas System Police. If I were informed that an officer employed by a component institution of the University of Texas System was not certifiable as being psychologically fit to be a police officer, the interests of the safety of those individuals who might come into contact with the officer would require me to notify the police chief responsible for that officer's actions. In my opinion, a chief of police at one university component has an official duty to report such information to the police chief at another university component who is responsible for the conduct of that officer.

In my opinion, any police chief of a university system in Texas with multiple campuses has a duty to the public which requires reporting to the supervising police chief any information concerning an officer's being psychologically unfit for duty. Under Texas law, only those peace officers who are psychologically fit for duty may hold active positions in law enforcement.

As a Chief of Police, being formally notified by a psychologist or psychiatrist that an officer is not psychologically fit for duty, I would consider it my duty to exercise discretion and take appropriate action to protect the public, especially when I have authorization to receive the results of an officer's psychological exam to determine his fitness for duty.

In my opinion, any police chief of a university system in Texas with multiple campuses has a duty to the public which requires reporting to the supervising police officer any information concerning an officer's being psychologically unfit for duty.

The trial judge could have concluded, within his broad discretion in evidentiary matters, that this was opinion testimony of an expert, admissible under TEX.R.CIV.EVID. 702. *See also* TEX.R.CIV.EVID. 703–705. This is also dispositive of appellant's objection that the affidavit was merely based on opinion and not on personal knowledge.

We hold that Vaughn did not controvert Moulton's showing of good faith and the trial court did not err in overruling Vaughn's special exceptions and objections.

### 3. Scope of Authority

◼ An official acts within the scope of his authority if he is discharging the duties generally assigned to him. *Chambers,* 883 S.W.2d at 658. The president of the UH-downtown campus, Dr. Max Castillo, testified by deposition that Moulton's duties include recruiting employees and making personnel recommendations to the board. Psychological testing is a required part of the hiring

---

1. Although Vaughn styled his objections "Special Exceptions and Objections," there were no special exceptions. He leveled a general objection as follows to all of appellant's affidavits: "[T]hey are self-serving affidavits which state grounds that are unclear and/or ambiguous and/or without any authority, either statutory and/or case law." This objection is too general to preserve anything for review.

process because Texas will not permit a person to be licensed as an officer unless he has been examined by a psychologist or psychiatrist and declared to be in satisfactory psychological and emotional health. *See* TEX. GOV'T CODE ANN. § 415.057(a)(1) (Vernon 1992). Moulton was discharging his general duties when he directed Vaughn to undergo testing, obtained the results, and decided to disclose the results to his counterpart at the central campus. Vaughn offered no evidence to suggest Moulton was not discharging his general duties.

We hold Moulton was acting within the scope of his authority.

Moulton established each element of official immunity. Accordingly, we reverse and render judgment that Vaughn take nothing.

O'CONNOR, Justice, dissenting on overruling of motion for rehearing en banc.

This case involves the disclosure of mental health information by a government employee in violation of Health & Safety Code §611.004(d) (1998). I dissent from the overruling of the appellee's motion for rehearing en banc.

Richard Vaughn, who was serving as a police officer with the University of Houston at the Central Campus Police Department, applied for a job as a police officer at the UH–Downtown Campus Police Department. Vaughn was offered a job at the UH–Downtown Campus by the chief of police of the downtown campus, Mark Moulton. The job offer was contingent upon Vaughn's successful completion of a psychological examination.

The psychologist who administered the test refused to certify that Vaughn was psychologically fit for employment as a police officer. Moulton withdrew the contingent offer and Vaughn was not hired as an officer at the Downtown campus. Shortly after withdrawing the offer, Moulton disclosed the results of Vaughn's psychological evaluation to Vaughn's then-current employer, UH – Central Campus, which led to Vaughn's dismissal.

## Mental Health Records Code

Vaughn sued Moulton under chapter 611 of the Texas Mental Health Records Code, which deals with confidentiality of mental health information. Following are the sections of the code relevant to this lawsuit.

Section §611.002(a):

Communications between a patient and a professional, and records of the identity, diagnosis, evaluation, or treatment of a patient that are created or maintained by a professional, are confidential.

TEX. HEALTH & SAFETY CODE §611.002(a) (1998).

Section §611.004(d):

A person who receives information from confidential communications or records may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the person first obtained the information.

*Id.* §611.004(d).

Section §611.005(c):

The aggrieved person also has a civil cause of action for damages.

*Id.* §611.005(c).

Section 611.004(d) prohibits the release and use of mental health information as was released and used in this case. The rule stated in section 611.004(d) is simple—mental health information obtained for one purpose may not be used for another purpose. In this case, it was. Everyone admits the psychological test results were obtained to evaluate Vaughn for a new job with the UH–Downtown campus; they were not obtained to evaluate him for his then-current job. Thus, the information was disclosed and used for a purpose for which it was not initially obtained.

The panel interpreted the word "except" in section 611.004(d) to mean there is an exception to the rule. There is no exception. The rule is that mental health information may not be used for any purpose "except" for the purpose for which the information was first obtained.

In analyzing whether Moulton had the discretion to divulge the information or had a ministerial duty not to divulge it, the panel

bases its opinion on its interpretation of the word "except." The panel states that section 611.004(d) is "not a blanket prohibition against disclosure." I disagree. It is a blanket prohibition – mental health information cannot be used for anything *except* for the purposes for which it was obtained. The panel seems to read section 611.004(d) as permitting the very thing it prohibits.

Moulton clearly performed a ministerial act when he disclosed the information for a purpose other than the one for which he first obtained it. Section 611.004(d) did not give Moulton the authority to use the information for anything except for Vaughn's application for the new job.

I would affirm the summary judgment. The trial court's judgment was clearly correct.

A majority of the justices of the Court voted to overrule the motion for rehearing en banc.