TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00157-CV






Fred Richardson, as parent and next friend of R. G. R., a minor and natural


child of Roxann Clark, deceased, Appellant



v.



Jane Monts, M.D. and Roosevelt Taylor, Jr., M.D., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 98-11886, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING 






 In this summary judgment appeal, Fred Richardson calls upon us to determine
whether his wrongful death action on behalf of his seven-year-old daughter, R.G.R., is barred by
limitations. Because we conclude that it is not, we will reverse the district court's judgment and
remand the cause.


BACKGROUND

 On March 9, 1991, Roxann Clark died shortly after giving birth to her daughter,
R.G.R. On October 21, 1998, Richardson filed a wrongful death action on R.G.R.'s behalf against
Dr. Jane Monts, Clark's anaesthesiologist. On February 23, 2000, Richardson joined as a defendant
Dr. Roosevelt Taylor, Jr., Clark's physician. The district court granted appellees' motions for
summary judgment on the ground that Richardson's suit on behalf of R.G.R. was barred by
limitations. Richardson appeals that summary judgment to this Court, arguing the wrongful death
action is not barred by limitations, and, alternatively, that barring the cause of action violates
R.G.R.'s entitlement to equal protection of the law and due process rights under both the state and
federal constitutions.

DISCUSSION

Standard of Review

 Because the propriety of a summary judgment is a question of law, we review the trial
court's decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Dep't
of Ins. v. American Home Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.). 
The standards for reviewing a motion for summary judgment are well established: (1) the movant
for summary judgment has the burden of showing that no genuine issue of material fact exists and
that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material
fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true;
and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 A defendant's motion for summary judgment should be granted if the defendant either
disproves at least one essential element of each of the plaintiff's causes of action or establishes all
the elements of an affirmative defense. American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). When a defendant moves for summary judgment on an affirmative defense, the
defendant must prove each essential element of the defense as a matter of law, leaving no issue of
material fact. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). The function of the
summary judgment is not to deprive a litigant of the right to trial by jury, but to eliminate patently
unmeritorious claims and untenable defenses. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 n.5 (Tex. 1995). 

 Appellees based their motions for summary judgment on the affirmative defense of
limitations. When a defendant moves for summary judgment on the affirmative defense that a statute
of limitations bars the plaintiff's cause of action, the burden is on the defendant to establish
conclusively the applicability of the statute. Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex.
1975); see also Hill v. Milani, 678 S.W.2d 203, 204 (Tex. App.--Austin 1984), aff'd, 686 S.W.2d
610 (1985).


Limitations for Minor's Wrongful Death Claim

 The Texas Wrongful Death Act provides:


An action for actual damages arising from an injury that causes an individual's death
may be brought if liability exists under this section . . . . A person is liable for
damages arising from an injury that causes an individual's death if the injury was
caused by the person's or his agent's or servant's wrongful act, neglect, carelessness,
unskillfullness, or default.



Tex. Civ. Prac. & Rem. Code Ann. § 71.002(a) & (b) (West 1997). The Medical Liability and
Insurance Improvement Act ("the Act") defines "health care liability claim" to include a wrongful
death cause of action:


"Health Care Liability Claim" means a cause of action against a health care provider
or physician for treatment, lack of treatment, or other claimed departure from
accepted standards of medical care or health care or safety which proximately results
in injury to or death of the patient . . . .


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(a)(4) (West Supp. 2002); see also Rose v. Doctors Hosp.,
801 S.W.2d 841, 845 (Tex. 1990) ("The statutory definition of such claims mentions both common
law personal injury and wrongful death actions."). The parties agree that the Act includes wrongful
death claims and that it controls the statute of limitations period for Richardson's wrongful death
cause of action. See Tex. Rev. Civ. Stat. Ann. art. 4590i; Bala v. Maxwell, 909 S.W.2d 889, 892-93
(Tex. 1995). Section 10.01 of the Act imposes a limitations period of two years with an exception
for claims by minors:


Notwithstanding any other law, no health care liability claim may be commenced
unless the action is filed within two years from the occurrence of the breach or tort
or from the date the medical or health care treatment that is the subject of the claim
or the hospitalization for which the claim is made is completed; provided that,
minors under the age of 12 years shall have until their 14th birthday in which to file,
or have filed on their behalf, the claim.



Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (emphasis added). (1)

 The parties disagree as to the effect of section 10.01 on these facts. Richardson
contends that because the wrongful death claim is a health care liability claim, and because he is
bringing it on behalf of his minor daughter, section 10.01 has tolled the limitations period for her
claim. Appellees contend section 10.01 tolls the limitations period only for an injured minor
patient's claims, and because R.G.R. was not the patient injured by appellees' alleged negligence,
the absolute two-year limitations period governs; therefore, appellees argue Richardson's wrongful
death claim is time barred. Appellees further contend that wrongful death claims are derivative in
nature, and because after two years Clark would be barred by limitations from bringing her own
cause of action, R.G.R.'s claim is barred as well.

 Our objective when we construe a statute is to determine and give effect to the
legislature's intent. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex.
1998); Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994). A fundamental rule
of statutory construction is that a court should first ascertain the legislature's intent in enacting the
statute as expressed in its plain language. Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 734
(Tex. App.--San Antonio 1999, no pet.) (citing St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d
503, 505 (Tex. 1997)).

 The plain language of section 1.03(a)(4) defines "health care liability claim" to
include wrongful death claims. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(a)(4); Rose, 801
S.W.2d at 845. The plain language of section 10.01 tolls the statute of limitations for health care
liability claims brought by a minor. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01. Therefore,
the plain meaning of section 10.01 tolls the limitations period for the wrongful death claim
Richardson brought on behalf of R.G.R. until her fourteenth birthday.

 In addition to ascertaining the legislature's intent from the plain and common
meaning of the words used, we may also consider the consequences of a particular construction. 
Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000). Were we to interpret section 10.01 as
appellees urge, the limitations period for a wrongful death claim on behalf of a surviving minor
under age fourteen would never be tolled beyond the two-year limitations period that bound the
deceased patient. (2) If a parent were injured by a physician's negligence and died one year and 360
days later, appellees' interpretation would yield the result that the decedent's minor child would have
five days in which to file suit or be barred. Such a result is plainly inconsistent with the legislature's
intent of tolling the limitations period for claims by minors. (3)

 Further, we disagree with appellees as to the effect of the derivative nature of
wrongful death claims. It is well settled that wrongful death suits are derivative in nature. See
Washam v. Hughes, 638 S.W.2d 646, 648 (Tex. App.--Austin 1982, writ ref'd n.r.e.). "[A]
wrongful death claim derives wholly from the cause of action that the decedent could have asserted
for personal injuries had he lived." Avila v. St. Luke's Lutheran Hosp., 948 S.W.2d 841, 849-50
(Tex. App.--San Antonio 1997, writ denied). The Texas Wrongful Death Act has been labeled as
a derivative action because "[t]he designated surviving beneficiaries . . . step into the decedent's
shoes." Id. 

 Because wrongful death claims are derivative, appellees contend that Richardson's
wrongful death action on behalf of R.G.R. is barred because her mother's claims would now be
barred. We believe appellees misconstrue the relevance of a wrongful death claim's derivative
nature. Had appellees' treatment caused personal injury to Clark and she died three years later as
a result of that injury without filing an action based upon her claim of negligence, she would be
barred at the time of her death from bringing any claims. Under those facts, R.G.R.'s wrongful death
claim would be barred as well. See Nash v. Selinko, 14 S.W.3d 315, 318 (Tex. App.--Houston [14th
Dist.] 1999, pet. denied). Here, however, Clark died before limitations had expired on her claim. 
Because she could have brought her own negligence suit had she survived, R.G.R.'s wrongful death
action based upon that claim is not barred, and the limitations period for her claim was tolled. See
Bangert v. Baylor Coll. of Med., 881 S.W.2d 564, 567 (Tex. App.--Houston [1st Dist.] 1994, writ
denied).

 Appellees argue that existing Texas precedent controls this issue and supports their
contention that R.G.R.'s wrongful death claim is barred by section 10.01. Cf. Diaz v. Westphal, 941
S.W.2d 96 (Tex. 1997); Bala, 909 S.W.2d 889; Nash, 14 S.W.3d 315; Bangert, 881 S.W.2d 564
(Hutson-Dunn, J., dissenting). In the Diaz case, the supreme court held that section 10.01 barred a
surviving child from bringing a wrongful death action against an allegedly negligent physician. 
Diaz, 941 S.W.2d at 101. However, in Diaz the deceased parent had been injured in 1984 and died
in 1992 without having filed suit against the physician. Id. at 97. Therefore, the patient's claims
were barred at his death, and any derivative claims were likewise barred. Furthermore, in that case
the supreme court expressly declined to rule on section 10.01's tolling effect for minors: "To refute
Diaz's limitations defense, the Westphals contend in this Court that section 10.01's tolling provision
extended the time for filing [the minor's] claims. They did not raise this argument in the court of
appeals. Accordingly, we do not address the issue." Id. at 98. 

 Similarly, the Bala case is not dispositive of the issue before us. In Bala, the supreme
court held that in a wrongful death action based on a medical malpractice claim, the statute of
limitations set forth in section 10.01--two years from the date of the injury--applies rather than the
statute of limitations in the Wrongful Death Act--two years from the date of death. Bala, 909
S.W.2d at 892-93; see Tex. Civ. Prac. & Rem. Code Ann. § 71.002. Thus, a wrongful death plaintiff
suing on a medical negligence theory may not have two full years in which to file a lawsuit because
the statute expires as it would for the decedent two years after the negligence occurs. Bala, 909
S.W.2d at 893. Although the barred claimants in Bala were family members, the opinion does not
suggest that any were minors and in no way addresses the question of tolling a minor's claims. 
Further, if section 10.01 applies, its tolling provision must also control. 

 In the Nash case, the Fourteenth Court of Appeals held that section 10.01 barred the
children of an injured parent who was still living from bringing a loss of consortium claim against
an allegedly negligent physician. Nash, 14 S.W.3d at 316. The alleged negligence occurred in 1988,
and the injured patient's minor children did not file their action until 1996. Id. As in Diaz, the
injured parent failed to bring a claim between 1988 and 1996, and the court held that "if a defendant
can prove that the parent could not recover on his personal injury claim due to the expiration of
limitations or some other affirmative defense, the child cannot recover for loss of parental
consortium." Id. at 317. Further, the Fourteenth Court of Appeals expressly limited its holding in
Nash to claims for loss of consortium. Nash, 14 S.W.3d at 319 ("We note that Bangert was based
on the application of the wrongful death statute to a medical malpractice claim, a situation which is
not present here. As such, it is distinguishable from the case before this court.").

 R.G.R. is in a different position than the children in Nash. Clark died on the same
day that the alleged negligence occurred, and the statute of limitations as to her personal injury
claims had not run. As such, she would have had a limited time in which to pursue her own claims. 
Her claims were not barred by limitations at the time of her death, and neither is her minor
daughter's claim. See Bangert, 881 S.W.2d at 567.

 Finally, appellees cite to the dissenting opinion in the factually similar Bangert case. 
There, the majority held that a deceased patient's minor daughter was not barred by section 10.01
from bringing a wrongful death action against an allegedly negligent physician. Bangert, 881
S.W.2d at 567. The alleged negligence occurred on August 15, 1985, and the patient died on August
22, 1985. Id. at 565. The decedent's child brought a wrongful death cause of action over five years
later. Id. The hospital defendant contended that the minor's wrongful death cause of action was
extinguished once the estate's survival action became barred by limitations. Id. at 566. The First
Court of Appeals disagreed, holding that "because Mrs. Broussard could have sued for her injuries
had she lived, the minor has a cause of action for wrongful death, as long as it is not barred by
limitations." Id. at 566. The court concluded that section 10.01's tolling provision applied and the
minor's wrongful death claim was not barred. Id. at 567 ("[O]nce the minor's cause of action for
wrongful death accrued, it was a personal cause of action subject, independently, to the limitations
and tolling provisions.").

 The dissenting opinion in the Bangert case criticized "the majority's attempt to
bootstrap a wrongful death beneficiary into the statute of limitations provided specifically for
persons with health care injuries." Id. at 568 (Hutson-Dunn, J., dissenting). The dissent based this
position on the fact that "[t]he wrongful death minor is not the injured person and, therefore, the
statute of limitations applicable to health care claims cannot be used to extend the statute of
limitations in this derivative action." Id. However, the result of this reasoning would be to render
meaningless the tolling provision of section 10.01 with respect to a surviving minor's wrongful death
claim. On the other hand, the reasoning suggests that if the injured patient is a minor, the tolling
provisions could somehow apply, even to an adult claimant. Such a result is clearly untenable. See
Baptist Mem'l Hosp. v. Arrendondo, 922 S.W.2d 120, 121 (Tex. 1996) ("The tolling provision of
section 10.01 that applies to a minor does not apply to an adult's wrongful death claims."). 
Therefore, we agree with the majority's holding in Bangert that if a decedent could have maintained
suit for personal injuries at her death, her minor child can sue for wrongful death, and section 10.01
tolls the limitations period for bringing that claim to the extent provided by statute. See Bangert, 881
S.W.2d at 566-67; see also Arredondo, 922 S.W.2d at 121. We sustain Richardson's first issue, and
accordingly need not address the constitutional claims.


CONCLUSION

 While the stated purpose of the Act recites the policy consideration of limiting health
care liability claims, both the plain language and supreme court interpretation of section 10.01's
tolling provision acknowledge the need to protect minor claimants. Compare Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 1.02 (West Supp. 2002), with Weiner, 900 S.W.2d at 319. The trial court's
summary judgment in favor of appellees is contrary to the plain language of the Act and is
inconsistent with the policy consideration of tolling the statute of limitations for minors bringing
health care liability claims. Further, the precedent cited by appellees does not support their
interpretation of section 10.01's tolling provision. 

 We hold that if the deceased patient could maintain a health care liability action at
the time of her death, a surviving minor child in turn can maintain a wrongful death action deriving
from that claim. In that event, section 10.01 tolls limitations as to the minor's claim based upon the
minor's age. Because appellees failed to establish as a matter of law that Richardson's wrongful
death claim was barred by limitations, the district court erred in granting summary judgment. 
Therefore, we reverse the judgment of the district court and remand the cause accordingly. 



 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: June 21, 2002

Publish

1.    But see Weiner v. Wasson, 900 S.W.2d 316, 319 (Tex. 1995) (holding section 10.01
unconstitutional as applied to minor-patients and extending limitations period until minor's twentieth
birthday with regard to minor's common law causes of action). R.G.R. was only seven years of age
when Richardson filed this action on her behalf.
2.    Appellees conceded this point at oral argument.
3.    As the First Court of Appeals has noted, "[t]he purpose of tolling provisions for minors . . .
is to protect persons who have no access to the courts, and to insure that their right to bring suit will
not be precluded by the running of the statute of limitations prior to the removal of their disability." 
Bangert v. Baylor Coll. of Med., 881 S.W.2d 564, 567 (Tex. App.--Houston [1st Dist.] 1994, writ
denied); see also Baptist Mem'l Hosp. v. Arredondo, 922 S.W.2d 120, 121 (Tex. 1996) (holding
section 10.01 tolls a claim's accrual when it is filed by a minor or on a minor's behalf); Encisco v.
Chmielewski, 16 S.W.3d 858, 861 (Tex. App. Houston [14th Dist.] 2000, no pet.) ("A minor may
bring a wrongful death action even if the surviving parent's action is time barred."). Here, the minor
is the claimant, and limitations on her claim is tolled.