**Billy NASH and Michael Lee Downy, Minors by Their Next Friend, Penny NASH, Appellant,**

**v.**

**Vera SELINKO, M.D., et al., Appellee.**

No. 14–98–00919–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 1999.

Rehearing Overruled March 2, 2000.

Robert D. Rapp, Houston, for appellants.

Michael C. Feehan, Lucille Anderson Reiter, Alvin Laser, Linda J. Cole, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and EDELMAN.

### OPINION

MURPHY, Chief Justice.

Appellants Billy Nash and Michael Lee Downy filed suit against Dr. Vera Selinko and Sun Belt Regional Medical Center (Sun Belt) for loss of parental consortium based on alleged malpractice committed against their father, Gary Nash.[1] The defendants moved for summary judgment on appellants' claims based on the expiration of the statute of limitations on the father's claims. The trial court granted Nash and

---

1. They also asserted claims for mental anguish, loss of support, and exemplary damages. The propriety of the trial court's grant of summary judgment on those issues is not challenged on appeal.

Sun Belt's motions and appellants appeal from this ruling.

### FACTUAL BACKGROUND

In 1988, Gary Nash fell from a ladder while at work, striking his head. He was taken to Sun Belt Regional Medical Center (Sun Belt) for a CT scan of his head. Dr. Selinko interpreted this CT scan as normal and discharged Mr. Nash. Three years later when his sight began to fail, Mr. Nash went to a neurologist who performed another CT scan. This test revealed the presence of a large tumor in Mr. Nash's brain. After obtaining the 1988 CT scan interpreted by Dr. Selinko, Mr. Nash's neurologist found the tumor visible on that scan as well and advised Mr. Nash to consult an attorney. At that time, Mr. Nash's children, Billy and Michael, were aged nine and eight, respectively. Mr. Nash's radiologist performed surgery to remove the tumor but, due to its position, was only able to remove part of it. After the surgery, Mr. Nash remained blind in one eye and had vision loss in the other. He also had to undergo radiation treatment and chemotherapy.

In 1996, Billy and Michael filed suit against Dr. Selinko and Sun Belt, even though they had not yet reached the age of majority. Billy and Michael were roughly aged sixteen and fifteen when this case was filed on their behalf.

Dr. Selinko and Sun Belt moved for summary judgment on the appellant's loss of consortium claim based on the expiration of the two-year statute of limitations

on their father's medical malpractice claim. See TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2000).[2] In response, appellants claimed that this argument is contrary to the Texas Supreme Court's holding in *Weiner v. Wasson*, 900 S.W.2d 316 (Tex.1995), which declared the minority tolling provisions of TEX. REV. CIV. STAT. ANN. § 4590i unconstitutional as applied to a minor's direct claim for medical malpractice. Accordingly, appellants asserted that the minors' claims had been tolled under the general tolling statute, TEX. CIV. PRAC. & REM. CODE ANN. § 16.001.[3] The trial court found appellants' claims were extinguished by the expiration of limitations on their father's claim and entered summary judgment for the defendants.

### STABDARD OF REVIEW

We review an appeal from a summary judgment to see if the movant established entitlement to summary judgment as a matter of law and to see if any genuine issues of material fact precluded the trial court's grant of summary judgment. TEX. R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). A defendant as the movant, will be entitled to summary judgment if the movant can disprove at least one element of each of the plaintiff's causes of action or can establish all elements of an affirmative defense to each of the plaintiff's claims. See *American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). In our review, we take all proof favorable to

---

**2.** "Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability."

TEX. REV. CIV. STAT. ANN. art. 4590i, § 10.01 (Vernon Supp.2000).

**3.** "(a) For the purposes of this subchapter, a person is under a legal disability if the person is:
(1) younger than 18 years of age, regardless of whether the person is married; or
(2) of unsound mind.
(b) If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in the limitations period." TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (Vernon Supp.2000).

the non-movant as true and resolve all inferences and doubts in favor of the non-movant. *See id.*

## THE STATUTE OF LIMITATIONS DEFENSE

■ A child's action for loss of parental consortium due to injuries to a parent was created by the Texas Supreme Court in 1990 in *Reagan v. Vaughn,* 804 S.W.2d 463 (Tex.1990), *clarified on reh'g,* 804 S.W.2d at 467 (Tex.1991). In creating this cause of action, the court recognized that the child's loss of parental consortium claim was derivative of the parent's cause of action. *Id.* at 467. As a derivative cause of action, loss of parental consortium owes its existence to the parent's underlying personal injury claim. *See id.* Thus, in order to recover for loss of parental consortium, the child must prove that the defendant is liable to the parent for the personal injuries causing the loss of consortium. *See id.* Consequently, "the defenses which bar all or part of the injured parent's recovery have the same effect on the child's recovery." *Id.* at 468. Stated another way, if a defendant can prove that the parent could not recover on his personal injury claim due to the expiration of limitations or some other affirmative defense, the child cannot recover for loss of parental consortium. The court further clarified its position that loss of parental consortium is derivative of the parent's personal injury claim by contrasting it with a "bystander action" for negligent infliction of mental anguish. *See id.* at 466–67. Such an action has its own elements, and presumably would have its own statute of limitations. *See Hermann Hosp. v. Martinez,* 990 S.W.2d 476, 478 (Tex.App.-Houston[14th Dist.] 1999, no pet.).

Appellant asks us to deviate from rule and carve out a narrow exception to this rule by holding that limitations is a defense which cannot be used against a child claiming loss of parental consortium. We decline to do so and follow the majority rule which allows a defendant to use limitations on the underlying personal injury claim to extinguish the derivative consortium claim. Most courts addressing this issue outside the medical malpractice context have followed this rule. *See Howard v. Fiesta Texas Show Park,* 980 S.W.2d 716, 719 (Tex.App.-San Antonio 1998, no pet.); *Martinez v. Humble Sand & Gravel,* 940 S.W.2d 139, 148 (Tex.App.-El Paso 1996), *affirmed sub nom., Childs v. Haussecker,* 974 S.W.2d 31 (Tex.1998); *Upjohn Co. v. Freeman,* 885 S.W.2d 538, 541 (Tex. App.-Dallas 1994, writ denied). Likewise, this court has also looked to the expiration of the statute of limitations on a parent's claim in finding that a minor has no cause of action for loss of parental consortium. *See Work v. Duval,* 809 S.W.2d 351 (Tex. App.-Houston [14th Dist.] 1991, no writ).

In *Work,* two minor children asserted a claim for loss of parental consortium against a physician and hospital that allegedly committed malpractice against their mother. *Id.* at 352. The mother also asserted a malpractice claim against the defendants under TEX. REV. CIV. STAT. ANN. § 4590i, art. 10.10. *Id.* Both defendants moved for summary judgment, asserting that the statute of limitations had expired on the mother's malpractice claim, a fact which they contended also barred the minors' claims for loss of parental consortium. *Id.* The trial court granted this motion. *Id.* On appeal, this court found that the statute of limitations had expired on the mother's medical malpractice claim. *Id.* at 354. We also found that since the statute of limitations on the mother's claim expired prior to December 19, 1990, the first date that the supreme court recognized a cause of action for loss of parental consortium, the minors' claims were also barred. *See id.*

Selinko and Sun Belt contend that *Work* is directly on point and disposes of this case. We disagree that it is dispositive of this issue. We, however, do find it persuasive that the statute of limitations on a

parent's claims for medical malpractice extinguish a minor child's claims for loss of parental consortium.

The decision in *Work* is based on *Reagan*'s holding that minors could pursue causes of action for loss of parental consortium as long as their injured parents' claims had not been extinguished by the expiration of the statute of limitations on December 19, 1990. *See Reagan,* 804 S.W.2d at 468. The opinion on motion for rehearing in *Vaughn* was intended to clarify whether loss of parental consortium claims would be recognized prospectively or both prospectively and retroactively. *See id.* at 467. The court chose the former option, stating:

"[W]e declare as a matter of sound administration and fairness, that this holding shall be applicable only in the present case; those actions arising on or after December 19, 1990; causes of action for loss of parental consortium pending in the courts on December 19, 1990; and causes of action derived from a parent's claim so long as the parent's claim had not been extinguished by settlement, final judgment on appeal, or expiration of the statute of limitations on December 19, 1990." *Id.* at 468.

Thus, the minors in *Work* did not have their claim extinguished because of the expiration of the mother's statute of limitations. Their claim was extinguished because it was not cognizable under the guidelines set up in *Reagan,* one of those guidelines being the expiration of the statute of limitations on the injured parent's claim prior to December 19, 1990. In short, the minors in *Work* had no claim to bring. Regardless, we find *Work* persuasive on the issue presented in this case and hold that the running of the statute of limitations on the parent's claim is a valid defense against a child's claim for loss of consortium in light of the fact that the *Reagan* court chose the parent's statute of limitations, rather than a separate limitations period for the minors, in determining the scope of the application of its decision. *Id.*

Appellants argue that *Reagan* supports their argument that loss of parental consortium has its own statute of limitations that is tolled by the provisions of TEX. CIV. PRAC. & REM. CODE ANN. § 16.001. They point out that the *Reagan* court, in its opinion on motion for rehearing, stated:

"If we were to apply this holding retroactively to all minors whose claims have not been extinguished by expiration of the *statute of limitations,* we would open up a pandora's box. Attorneys would be under an ethical duty to find, review and evaluate every personal injury case *over the last twenty years* in which there are minor children to determine if these old cases came within the purview of *Reagan." Reagan,* 804 S.W.2d at 463 (emphasis added).

While we agree that this language does provide some support for appellants' position, it is dicta. Moreover, the next paragraphs of the opinion serve to provide limitations to prevent this Pandora's box from coming to fruition. In one of these paragraphs, the court stated:

"We also note that the cause of action for loss of parental consortium, like the cause of action for loss of spousal consortium is a derivative cause of action. As such, *the defenses which bar all or part of the injured parent's recovery have the same effect on the child's recovery." Id.* (emphasis added).

From this language we conclude that the Texas Supreme Court intended the running of the statute of limitations on the injured parent's cause of action to extinguish the child's claim for loss of consortium, especially since limitations is a defense which would bar the injured parent's recovery.

This holding is in line with the majority of other Texas appellate courts addressing this issue. *See Howard,* 980 S.W.2d at 719; *Martinez,* 940 S.W.2d at 148; *Freeman,* 885 S.W.2d at 541; *see also, e.g.,*

WILLIAM L. PROSSER, THE LAW OF TORTS 892 (1971). The only court reaching the opposite conclusion is the Corpus Christi Court of Appeals. *See Browning–Ferris Industries, Inc. v. Lieck,* 845 S.W.2d 926, 949 (Tex.App.-Corpus Christi 1992), *rev'd on other grounds,* 881 S.W.2d 288 (Tex.1994).

Appellants, however, argue that the Texas Supreme Court case *Weiner v. Wasson,* 900 S.W.2d 316 (Tex.1995), is dispositive of the issue before the court. In that case, the court held that the application of § 10.01 to a minor's claim for medical malpractice violates the Texas Constitution since it requires a minor to bring a claim prior to the time the disability of minority is removed. *Id.* at 319. Extrapolating from this holding, appellants argue that this holding should apply not only to a minor's claim for medical malpractice, but to a minor's claim for loss of parental consortium as well. We decline this invitation to extend *Weiner*'s holding.

Appellants' final argument is that this issue was decided by the First Court of Appeals in *Bangert v. Baylor College of Medicine,* 881 S.W.2d 564 (Tex.App.-Houston [1st Dist.] 1994, writ denied). We note that *Bangert* was based on the application of the wrongful death statute to a medical malpractice claim, a situation which is not present here. As such, it is distinguishable from the case before this court.

At the heart of appellants' appeal is the argument that allowing the use of the expiration of the statute of limitations on the parent's claim against a minor child punishes the minor for the parent's negligence. We note that this concept is embodied in the idea of loss of parental consortium as a derivative claim. In fact, the *Reagan* court expressly noted that a parent's comparative negligence can be used as a defense against the child's recovery. *Reagan,* 804 S.W.2d at 469 (op. on mot. for reh'g).

It is undisputed in this case that the minor's claim was filed long after the two-year statute of limitations expired on Mr. Nash's medical malpractice claim, making Mr. Nash's claim untenable. Thus, Dr. Selinko and Sun Belt established the limitations defense against the father's claim as a matter of law. Once established, this defense served to extinguish the minors' loss of parental consortium claim. Accordingly, we find no error in the trial court's decision. The judgment of the trial court is affirmed.