Susan ENCISO, individually and as next friend of Christina Sanchez and as representative of the Estate of William R. Sanchez, Jr., Appellant,

v.

Claude A. CHMIELEWSKI and Sandra S. Fairchild, individually and d/b/a The Limelight Club, Appellees.

No. 14–99–00714–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 13, 2000.

Scott R. Loynd, Baytown, Robert E. Hudson, Houston, for appellant.

Charles S. Wuest, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST, and CANNON.

## O P I N I O N

JOHN S. ANDERSON, Justice.

In this appeal, we address whether a wrongful death cause of action is barred by limitations for both a minor child and her mother. The mother, appellant Susan Enciso, appeals from the trial court's grant of appellees' motion for summary judgment. Appellees, Claude Chmielewski and Sandra Fairchild, sought summary judgment arguing the appellant's individual wrongful death claim and the wrongful death claim brought on behalf of her minor daughter were barred by the statute of limitations. The trial court agreed and granted summary judgment for the appellees. We reverse in part and affirm in part and remand this case to the trial court for further proceedings.

## I.

### Summary Judgment

William R. Sanchez, the decedent whose death is the basis of the action below, died on February 22, 1996. The wrongful death action arising out of Sanchez's death was filed on March 9, 1998.

1. The facts underlying the wrongful death claim are not relevant to this appeal because the points of error on appeal relate only to the application of the two year statute of limitations to the claims of the mother and the minor child. As noted above, plaintiffs' original petition was filed more than two years after the date of death. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon Supp. 2000).

In their motion for summary judgment, appellees urged, as grounds for their motion, that appellant's claims were barred by the two year statute of limitations applicable to wrongful death causes of action.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon Supp.2000). Appellant responded by first conceding that Susan Enciso's cause of action was time barred, but that the minor, Christina Sanchez's cause of action was not barred because limitations were tolled until the child reached the age of eighteen.

Finally, appellees filed a reply to appellant's response. In this reply, appellees noted that appellant's original petition was styled to designate Susan Enciso as not only suing in her individual capacity and as next friend of Christina, but also as "Representative of the Estate of William Sanchez." Appellees contended that because the estate had a representative, Civil Practice and Remedies Code section 71.004(c) abrogated the tolling provisions of Civil Practice and Remedies Code section 16.001.

Section 16.003(b) of the Texas Civil Practice and Remedies Code establishes the limitations period applicable to suits for wrongful death. Specifically, that statute provides, "[a] person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person." TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon Supp.2000).

■ Appellees contended in their reply to appellant's response to the motion for summary judgment that because the minor's claim was brought by the representative of the deceased's estate, section 71.004(c) abrogated the application of the tolling provisions in section 16.001(b). However, appellees acknowledged at oral

argument that the real basis of their summary judgment motion was that the two year limitations applicable to wrongful death claims barred both the parent and the minor's causes of action.[2] We disagree with both of appellees' contentions.

## II.

### The Minor's Claim

■ In her first two points of error, appellant contends the trial court erred in granting summary judgment for appellees because limitations for the minor's claim was tolled by section 16.001(b), and no other statute in the Civil Practices and Remedies Code restricts that tolling period. Susan Enciso, the mother of Christina Sanchez, brought claims for wrongful death against the appellees, alleging they were responsible for the death of Sanchez's father. The appellees sought summary judgment, correctly noting that these claims were subject to an absolute two year statute of limitation under section 16.003(b) of the Texas Civil Practice and Remedies Code. We agree with this assertion. *See Hogan v. Hallman,* 889 S.W.2d 332, 336 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (concluding section 16.003(b) provides the limitations period for wrongful death actions). However, our agreement with this aspect of appellees' argument is not the end of our analysis.

■ Section 16.001(b) of the Texas Civil Practice and Remedies Code states that "[i]f a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(b) (Vernon Supp.2000). The purpose of tolling provisions for minors is to protect persons who have no access to the courts, and to insure that their right to bring suit will not be precluded by the running of the statute of limitations prior to the removal of their disability. *See Ruiz v. Conoco, Inc.,* 868 S.W.2d 752, 755 (Tex.1993); *see also Bangert v. Baylor College of Medicine,* 881 S.W.2d 564, 568 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

■ The record demonstrates that at the time of her father's death, Christina was three years old. Thus, on the accrual date of the cause of action, Christina was under a legal disability.[3] Therefore, section 16.001(b) operates to toll the two year statute of limitations until Christina reaches the age of eighteen. *See McDonald v. Procter & Gamble Co., Inc.,* 748 F.Supp. 473 (N.D.Tex.1990). Because section 16.001(b) tolled the limitations period, Christina's cause of action is not time barred. *See Cox v. McDonnell–Douglas Corp.,* 665 F.2d 566, 572 (5th Cir.1982) (noting the statutory precursor to 16.001(b) operated to toll the Texas wrongful death statute of limitations).

The concept that limitations on a minor's wrongful death cause of action do not begin to run until the minor reaches the age of eighteen has been a part of Texas jurisprudence for more than sixty years. In *Texas Utilities Co. v. West,* the Amarillo court reviewed a claim, rejected by the trial court, that wrongful death claims brought on behalf of the decedent's minor children more than two years after the date of death were barred by limitations. *See Texas Utilities Co. v. West,* 59 S.W.2d 459 (Tex.Civ.App.—Amarillo 1933, pet. ref'd). In that case, the deceased was killed on September 20, 1927. *See id.* at 460. Suit on behalf of the minor children of the deceased, and his wife and parents,

2. Because section 71.004(c) makes no mention of a limitations period for bringing a wrongful death claim, it neither restricts nor expands the period that has already been held to apply to these actions. *See Hogan,* 889 S.W.2d at 336. Therefore, section 71.004(c) of the Texas Civil Practices and Remedies Code is irrelevant to our discussion of the limitations period for wrongful death claims.

3. Section 16.001(a)(1) provides that a person younger than eighteen years of age is under a legal disability. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.001(a)(1) (Vernon Supp.2000).

was filed January 22, 1931. *See id.* The trial court sustained the defendant's contention that the claims brought by the surviving wife and parents of the deceased were barred by limitations, but held that limitations did not defeat the rights of the minor plaintiffs. *See id.*

The Amarillo court observed that at the time the cause of action accrued to the minor plaintiffs, and at the time of trial, they were under the disability of minority and were not subject to the statutes of limitation. *See id.* The court, therefore, held the claims asserted by the minor children were correctly preserved by the trial court because their claims were not barred by limitations. *See id.* at 461. We agree with the Amarillo court's opinion on this issue.

■ Here, because Christina was under a legal disability at the time the cause of action accrued, limitations on her claim are tolled during the time of her disability. *See* § 16.001(b). A minor may bring a wrongful death action even if the surviving parent's action is time barred. *See Cox,* 665 F.2d at 572 (citing *Texas Utilities,* 59 S.W.2d 459). Accordingly, we sustain appellant's first two points of error relating to Christina's claim against appellees.

### III.

### The Mother's Claim

■ In her third point of error, appellant attempts to bootstrap her claim to Christina's by arguing that because the limitations period for Christina's claim is tolled, logic dictates the limitations period for her mother's claim should also be tolled. We may not consider this argument as a ground for reversal because it was not presented to the trial court. Texas Rule of Civil Procedure 166a(c) specifies that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c); *see also City of Houston v. Clear Creek Basin Auth.,* 589

S.W.2d 671, 677 (Tex.1979). Appellant's response to the motion for summary judgment does not set out this contention; thus, we conclude it is presented for the first time on appeal. Therefore, we may not consider this argument as a ground for reversal. We overrule appellants' third point of error.

Accordingly, we affirm the judgment of the trial court as to the mother's claims, reverse the judgment of the trial court as to the minor's claims, and remand the minor's claims to the trial court for further proceedings consistent with this opinion.