# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00157-CV

**Fred Richardson, as parent and next friend of R. G. R., a minor and natural child of Roxann Clark, deceased, Appellant**

**v.**

**Jane Monts, M.D. and Roosevelt Taylor, Jr., M.D., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. 98-11886, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

In this summary judgment appeal, Fred Richardson calls upon us to determine whether his wrongful death action on behalf of his seven-year-old daughter, R.G.R., is barred by limitations. Because we conclude that it is not, we will reverse the district court=s judgment and remand the cause.

## BACKGROUND

On March 9, 1991, Roxann Clark died shortly after giving birth to her daughter, R.G.R. On October 21, 1998, Richardson filed a wrongful death action on R.G.R.=s behalf against Dr. Jane Monts, Clark=s anaesthesiologist. On February 23, 2000, Richardson joined as a defendant Dr. Roosevelt Taylor, Jr., Clark=s physician. The district court granted appellees= motions for summary judgment on the ground that Richardson=s suit on behalf of R.G.R. was barred by limitations. Richardson appeals that summary judgment to this Court, arguing the wrongful death action is not barred by limitations, and, alternatively, that barring the cause of action violates R.G.R.=s entitlement to equal protection of the law and due process rights under both the state and federal constitutions.

# DISCUSSION

## *Standard of Review*

Because the propriety of a summary judgment is a question of law, we review the trial court=s decision *de novo. Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Texas Dep=t of Ins. v. American Home Assurance Co.*, 998 S.W.2d 344, 347 (Tex. App.CAustin 1999, no pet.). The standards for reviewing a motion for summary judgment are well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

A defendant=s motion for summary judgment should be granted if the defendant either disproves at least one essential element of each of the plaintiff=s causes of action or establishes all the elements of an affirmative defense. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). When a defendant moves for summary judgment on an affirmative defense, the defendant must prove each essential element of the defense as a matter of law, leaving no issue of material fact. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996). The function of the summary judgment is not to deprive a litigant of the right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1995).

Appellees based their motions for summary judgment on the affirmative defense of limitations. When a defendant moves for summary judgment on the affirmative defense that a statute of limitations bars the plaintiff=s cause of action, the burden is on the defendant to establish conclusively the applicability of the statute. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975); *see also Hill v. Milani*, 678 S.W.2d 203, 204 (Tex. App.CAustin 1984), *aff=d*, 686 S.W.2d 610 (1985).

### Limitations for Minor=s Wrongful Death Claim

The Texas Wrongful Death Act provides:

> An action for actual damages arising from an injury that causes an individual=s death may be brought if liability exists under this section . . . . A person is liable for damages arising from an injury that causes an individual=s death if the injury was caused by the person=s or his agent=s or servant=s wrongful act, neglect, carelessness, unskillfullness, or default.

Tex. Civ. Prac. & Rem. Code Ann. ' 71.002(a) & (b) (West 1997). The Medical Liability and Insurance Improvement Act (Athe Act@) defines Ahealth care liability claim@ to include a wrongful death cause of action:

> AHealth Care Liability Claim@ means a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient . . . .

Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 1.03(a)(4) (West Supp. 2002); *see also Rose v. Doctors Hosp.*, 801 S.W.2d 841, 845 (Tex. 1990) (AThe statutory definition of such claims mentions both common law personal injury and wrongful death actions.@). The parties agree that the Act includes wrongful

death claims and that it controls the statute of limitations period for Richardson=s wrongful death cause of action. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i; *Bala v. Maxwell*, 909 S.W.2d 889, 892-93 (Tex. 1995). Section 10.01 of the Act imposes a limitations period of two years with an exception for claims by minors:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; *provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim.*

Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 10.01 (emphasis added).[1]

The parties disagree as to the effect of section 10.01 on these facts. Richardson contends that because the wrongful death claim is a health care liability claim, and because he is bringing it on behalf of his minor daughter, section 10.01 has tolled the limitations period for her claim. Appellees contend section 10.01 tolls the limitations period only for an injured minor *patient*=s claims, and because R.G.R. was not the patient injured by appellees= alleged negligence, the absolute two-year limitations period governs; therefore, appellees argue Richardson=s wrongful death claim is time barred. Appellees further contend that wrongful death claims are derivative in nature, and

---

[1] *But see Weiner v. Wasson*, 900 S.W.2d 316, 319 (Tex. 1995) (holding section 10.01 unconstitutional as applied to minor-patients and extending limitations period until minor=s twentieth birthday with regard to minor=s common law causes of action). R.G.R. was only seven years of age when Richardson filed this action on her behalf.

**4**

because after two years Clark would be barred by limitations from bringing her own cause of action, R.G.R.=s claim is barred as well.

Our objective when we construe a statute is to determine and give effect to the legislature=s intent. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex. 1994). A fundamental rule of statutory construction is that a court should first ascertain the legislature=s intent in enacting the statute as expressed in its plain language. *Schorp v. Baptist Mem=l Health Sys.*, 5 S.W.3d 727, 734 (Tex. App.CSan Antonio 1999, no pet.) (citing *St. Luke=s Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997)).

The plain language of section 1.03(a)(4) defines Ahealth care liability claim@ to include wrongful death claims. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 1.03(a)(4); *Rose*, 801 S.W.2d at 845. The plain language of section 10.01 tolls the statute of limitations for health care liability claims brought by a minor. *See* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 10.01. Therefore, the plain meaning of section 10.01 tolls the limitations period for the wrongful death claim Richardson brought on behalf of R.G.R. until her fourteenth birthday.

In addition to ascertaining the legislature=s intent from the plain and common meaning of the words used, we may also consider the consequences of a particular construction. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). Were we to interpret section 10.01 as appellees urge, the limitations period for a wrongful death claim on behalf of a surviving minor under age fourteen would never be tolled beyond the two-year limitations period that bound the deceased

**5**

patient.[2] If a parent were injured by a physician=s negligence and died one year and 360 days later, appellees= interpretation would yield the result that the decedent=s minor child would have five days in which to file suit or be barred. Such a result is plainly inconsistent with the legislature=s intent of tolling the limitations period for claims by minors.[3]

Further, we disagree with appellees as to the effect of the derivative nature of wrongful death claims. It is well settled that wrongful death suits are derivative in nature. *See Washam v. Hughes*, 638 S.W.2d 646, 648 (Tex. App.CAustin 1982, writ ref=d n.r.e.). A[A] wrongful death claim derives wholly from the cause of action that the decedent could have asserted for personal injuries had he lived.@ *Avila v. St. Luke=s Lutheran Hosp.*, 948 S.W.2d 841, 849-50 (Tex. App.CSan Antonio

---

[2] Appellees conceded this point at oral argument.

[3] As the First Court of Appeals has noted, A[t]he purpose of tolling provisions for minors . . . is to protect persons who have no access to the courts, and to insure that their right to bring suit will not be precluded by the running of the statute of limitations prior to the removal of their disability.@ *Bangert v. Baylor Coll. of Med.*, 881 S.W.2d 564, 567 (Tex. App.CHouston [1st Dist.] 1994, writ denied); *see also Baptist Mem=l Hosp. v. Arredondo*, 922 S.W.2d 120, 121 (Tex. 1996) (holding section 10.01 tolls a claim=s accrual when it is filed by a minor or on a minor=s behalf); *Encisco v. Chmielewski*, 16 S.W.3d 858, 861 (Tex. App. Houston [14th Dist.] 2000, no pet.) (AA minor may bring a wrongful death action even if the surviving parent=s action is time barred.@). Here, the minor is the claimant, and limitations on her claim is tolled.

1997, writ denied). The Texas Wrongful Death Act has been labeled as a derivative action because A[t]he designated surviving beneficiaries . . . step into the decedent=s shoes.@ *Id.*

Because wrongful death claims are derivative, appellees contend that Richardson=s wrongful death action on behalf of R.G.R. is barred because her mother=s claims would now be barred. We believe appellees misconstrue the relevance of a wrongful death claim=s derivative nature. Had appellees= treatment caused personal injury to Clark and she died three years later as a result of that injury without filing an action based upon her claim of negligence, she would be barred at the time of her death from bringing any claims. Under those facts, R.G.R.=s wrongful death claim would be barred as well. *See Nash v. Selinko*, 14 S.W.3d 315, 318 (Tex. App.CHouston [14th Dist.] 1999, pet. denied). Here, however, Clark died before limitations had expired on her claim. Because she could have brought her own negligence suit had she survived, R.G.R.=s wrongful death action based upon that claim is not barred, and the limitations period for her claim was tolled. *See Bangert v. Baylor Coll. of Med.*, 881 S.W.2d 564, 567 (Tex. App.CHouston [1st Dist.] 1994, writ denied).

Appellees argue that existing Texas precedent controls this issue and supports their contention that R.G.R.=s wrongful death claim is barred by section 10.01. *Cf. Diaz v. Westphal*, 941 S.W.2d 96 (Tex. 1997); *Bala*, 909 S.W.2d 889; *Nash*, 14 S.W.3d 315; *Bangert*, 881 S.W.2d 564 (Hutson-Dunn, J., dissenting). In the *Diaz* case, the supreme court held that section 10.01 barred a surviving child from bringing a wrongful death action against an allegedly negligent physician. *Diaz*, 941 S.W.2d at 101. However, in *Diaz* the deceased parent had been injured in 1984 and died in 1992 without having filed suit against the physician. *Id.* at 97. Therefore, the patient=s claims were barred at his death, and any derivative claims were likewise barred. Furthermore, in that case the

**7**

supreme court expressly declined to rule on section 10.01=s tolling effect for minors: ATo refute Diaz=s limitations defense, the Westphals contend in this Court that section 10.01=s tolling provision extended the time for filing [the minor=s] claims. They did not raise this argument in the court of appeals. Accordingly, we do not address the issue.@ *Id.* at 98.

Similarly, the *Bala* case is not dispositive of the issue before us. In *Bala*, the supreme court held that in a wrongful death action based on a medical malpractice claim, the statute of limitations set forth in section 10.01Ctwo years from the date of the *injury*Capplies rather than the statute of limitations in the Wrongful Death ActCtwo years from the date of *death*. *Bala*, 909 S.W.2d at 892-93; *see* Tex. Civ. Prac. & Rem. Code Ann. ' 71.002. Thus, a wrongful death plaintiff suing on a medical negligence theory may not have two full years in which to file a lawsuit because the statute expires as it would for the decedent two years after the negligence occurs. *Bala*, 909 S.W.2d at 893. Although the barred claimants in *Bala* were family members, the opinion does not suggest that any were minors and in no way addresses the question of tolling a minor=s claims. Further, if section 10.01 applies, its tolling provision must also control.

In the *Nash* case, the Fourteenth Court of Appeals held that section 10.01 barred the children of an injured parent who was still living from bringing a loss of consortium claim against an allegedly negligent physician. *Nash*, 14 S.W.3d at 316. The alleged negligence occurred in 1988, and the injured patient=s minor children did not file their action until 1996. *Id.* As in *Diaz*, the injured parent failed to bring a claim between 1988 and 1996, and the court held that Aif a defendant can prove that the parent could not recover on his personal injury claim due to the expiration of limitations or some other affirmative defense, the child cannot recover for loss of parental

**8**

consortium.@ *Id.* at 317. Further, the Fourteenth Court of Appeals expressly limited its holding in *Nash* to claims for loss of consortium. *Nash*, 14 S.W.3d at 319 (AWe note that *Bangert* was based on the application of the wrongful death statute to a medical malpractice claim, a situation which is not present here. As such, it is distinguishable from the case before this court.@).

R.G.R. is in a different position than the children in *Nash*. Clark died on the same day that the alleged negligence occurred, and the statute of limitations as to her personal injury claims had not run. As such, she would have had a limited time in which to pursue her own claims. Her claims were not barred by limitations at the time of her death, and neither is her minor daughter=s claim. *See Bangert*, 881 S.W.2d at 567.

Finally, appellees cite to the dissenting opinion in the factually similar *Bangert* case. There, the majority held that a deceased patient=s minor daughter was not barred by section 10.01 from bringing a wrongful death action against an allegedly negligent physician. *Bangert*, 881 S.W.2d at 567. The alleged negligence occurred on August 15, 1985, and the patient died on August 22, 1985. *Id.* at 565. The decedent=s child brought a wrongful death cause of action over five years later. *Id.* The hospital defendant contended that the minor=s wrongful death cause of action was extinguished once the estate=s survival action became barred by limitations. *Id.* at 566. The First Court of Appeals disagreed, holding that Abecause Mrs. Broussard could have sued for her injuries had she lived, the minor has a cause of action for wrongful death, as long as it is not barred by limitations.@ *Id.* at 566. The court concluded that section 10.01=s tolling provision applied and the minor=s wrongful death claim was not barred. *Id.* at 567 (A[O]nce the minor=s cause of action for wrongful

**9**

death accrued, it was a personal cause of action subject, independently, to the limitations and tolling provisions.@).

The dissenting opinion in the *Bangert* case criticized Athe majority=s attempt to *bootstrap* a wrongful death beneficiary into the statute of limitations provided specifically for persons with health care injuries.@ *Id.* at 568 (Hutson-Dunn, J., dissenting). The dissent based this position on the fact that A[t]he wrongful death minor is not the injured person and, therefore, the statute of limitations applicable to health care claims cannot be used to extend the statute of limitations in this derivative action.@ *Id.* However, the result of this reasoning would be to render meaningless the tolling provision of section 10.01 with respect to a surviving minor=s wrongful death claim. On the other hand, the reasoning suggests that if the injured patient is a minor, the tolling provisions could somehow apply, even to an adult claimant. Such a result is clearly untenable. *See Baptist Mem=l Hosp. v. Arrendondo*, 922 S.W.2d 120, 121 (Tex. 1996) (AThe tolling provision of section 10.01 that applies to a minor does not apply to an adult=s wrongful death claims.@). Therefore, we agree with the majority=s holding in *Bangert* that if a decedent could have maintained suit for personal injuries at her death, her minor child can sue for wrongful death, and section 10.01 tolls the limitations period for bringing that claim to the extent provided by statute. *See Bangert*, 881 S.W.2d at 566-67; *see also Arredondo*, 922 S.W.2d at 121. We sustain Richardson=s first issue, and accordingly need not address the constitutional claims.

## CONCLUSION

While the stated purpose of the Act recites the policy consideration of limiting health care liability claims, both the plain language and supreme court interpretation of section 10.01=s tolling provision

acknowledge the need to protect minor claimants. *Compare* Tex. Rev. Civ. Stat. Ann. art. 4590i, ' 1.02 (West Supp. 2002), *with Weiner*, 900 S.W.2d at 319. The trial court=s summary judgment in favor of appellees is contrary to the plain language of the Act and is inconsistent with the policy consideration of tolling the statute of limitations for minors bringing health care liability claims. Further, the precedent cited by appellees does not support their interpretation of section 10.01=s tolling provision.

We hold that if the deceased patient could maintain a health care liability action at the time of her death, a surviving minor child in turn can maintain a wrongful death action deriving from that claim. In that event, section 10.01 tolls limitations as to the minor=s claim based upon the minor=s age. Because appellees failed to establish as a matter of law that Richardson=s wrongful death claim was barred by limitations, the district court erred in granting summary judgment. Therefore, we reverse the judgment of the district court and remand the cause accordingly.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed: June 21, 2002

Publish

**11**