COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 Vincent
 Maes and Cynthia Maes, 
 As next friend of
 Isabel G. Maes, A minor child and The
 Insurance Company of the State Of Pennsylvania,
  
                             Appellants,
  
 v.
  
 El Paso
 Orthopaedic Surgery Group, P.A.,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00331-CV
  
 Appeal from the
  
 County
 Court at Law No. 5
  
 of El
 Paso County, Texas
  
 (TC#2010-3620)
  
 
 


 

                                                                  O
P I N I O N

Appellants Vincent and Cynthia Maes, as next friend of Isabel G. Maes,
a minor child, and The Insurance Company of the State of Pennsylvania (ICTSP)
appeal from a summary judgment granted in favor of El Paso Orthopaedic Surgery
Group, P.A. (EPOSG).  For the following
reasons, we affirm.

FACTUAL AND PROCEDURAL
BACKGROUND

In October 2000, Vincent Maes suffered a spinal injury after being
involved in a motor vehicle accident while working as a truck driver.  On July 6, 2001, Dr. Paul Cho, a neurosurgeon
employed by EPOSG, performed a lumbar laminectomy and bilateral facetectomies
with fusion on Mr. Maes.  After the
surgery, Mr. Maes allegedly experienced foot drop, muscle weakness, and urinary
and sexual dysfunction.  Mr. Maes’
surgery also allegedly resulted in progressive paraplegia T10 and distally.

On July 7, 2003, Mr. Maes filed suit against EPOSG and Dr.
Cho.  The suit against EPOSG was
dismissed with prejudice in 2004, and we affirmed the trial court’s judgment on
appeal in 2007.[1]  See
Maes v. El Paso Orthopaedic Surgery Group, 243 S.W.3d 695, 697 (Tex. App. –
El Paso 2007, pet. denied).

On September 17, 2010, Appellants filed suit against EPOSG on
behalf of their daughter, Isabel Maes, who was eleven years old at the time
suit was filed.  In their original
petition, Appellants alleged that EPOSG was vicariously liable for the
negligent and grossly-negligent conduct of Dr. Cho and sought both damages for
Isabel’s loss of parental consortium based on the allegedly disabling injury to
Mr. Maes as well as exemplary damages for Dr. Cho’s alleged gross
negligence.  In December 2010, ICTSP
intervened in Isabel’s suit against EPOSG asserting rights of subrogation
pursuant to a worker’s compensation policy with Mr. Maes’ employer or a right
of reimbursement under a letter agreement executed by the Maes family in 2007.

EPOSG
moved for summary judgment on the grounds that: (1) Isabel’s claims for loss of
consortium were barred by the expiration of the two-year statute of limitations
on Mr. Maes’ underlying claim; and (2) Isabel’s claims were barred because Mr.
Maes’ underlying claim was dismissed with prejudice in prior litigation.  In response to the
summary judgment motion, Appellants argued that Isabel’s loss of parental consortium
claims are separate and independent claims from Mr. Maes’ underlying claim and,
as such, contended that neither a statute-of-limitations defense nor the prior
dismissal of Mr. Maes’ claim barred Isabel’s claims.  Appellants also urged that EPOSG’s
limitations defense failed because of the tolling provision of the Medical
Liability Act and, subsequently, Chapter 74 of the Texas Civil Practice and
Remedies Code, which provides that minors under the age of twelve have until
their fourteenth birthday to file a healthcare liability claim.[2]  See
former Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 10.01 (repealed Sept. 1, 2003); Tex.
Civ. Prac. & Rem. Code Ann. § 74.251(a) (West 2011).

After a hearing, the trial court granted summary judgment in favor
of EPOSG.  The trial court’s order did
not specify the grounds upon which it based its decision.  Appellants then filed a motion for new trial,
which the trial court denied.  Appellants
appeal the trial court’s order granting EPOSG’s motion for summary judgment.

DISCUSSION 

In a single issue on appeal, Appellants contend that the trial
court erred by granting summary judgment to EPOSG because Isabel’s consortium
claims are not entirely derivative of her father’s claims and, as such, are not
affected by any post-injury bar to her father’s claims or by his actions or
inactions.

Standard of Review

We review a trial court’s summary judgment de novo. Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  Summary judgment is
appropriate when the moving party shows there is no genuine issue as to any
material fact and it is entitled to judgment as a matter of law.  Diversicare General Partner, Inc. v.
Rubio, 185 S.W.3d 842, 846 (Tex. 2005).  Once the defendant establishes a right to
summary judgment as a matter of law, the burden shifts to the plaintiff to
present evidence raising a genuine issue of material fact.  City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678-79 (Tex. 1979); Scown v. Neie, 225
S.W.3d 303, 307 (Tex. App. – El Paso 2006, pet. denied).  When reviewing a motion for summary judgment,
we must assume all of the evidence favorable to the nonmovant is true, indulge
every reasonable inference in favor of the nonmovant, and resolve any doubts in
favor of the nonmovant.  Edwards v.
Mesa Hills Mall Co. Ltd. Partnership, 186 S.W.3d 587, 590 (Tex. App.
– El Paso 2006, no pet.).  Where the
trial court does not specify the grounds upon which summary judgment is
granted, as in this case, we must affirm if any of the grounds are
meritorious.  FM Properties Operating
Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).

Loss of Parental
Consortium

In Reagan v. Vaughn, the Supreme Court of Texas first
recognized a cause of action for loss of parental consortium.  Reagan
v. Vaughn, 804 S.W.2d 463 (Tex. 1990). 
In creating this cause of action, the Court stated that a claim for loss
of parental consortium is derivate in nature in so far as the tortfeasor’s
liability to the injured parent must be proven. 
Id. at 467; Reed Tool Co.
v. Copelin,
610 S.W.2d 736, 738 (Tex. 1980) (loss of spousal
consortium).  Consequently, “the defenses which bar all or part of the
injured parent’s recovery have the same effect on the child’s recovery.”  Reagan,
804 S.W.2d at 468 (opin. on reh’g); Upjohn
Co. v. Freeman, 885 S.W.2d 538, 541 (Tex. App. – Dallas 1994, writ denied).

Nevertheless,
loss of parental consortium claims are not entirely derivative but rather they
are separate and independent claims that are not automatically extinguished for
particular purposes, e.g., the injured parent enters into a settlement
agreement for his personal injuries.  See In re Labatt Food Service, L.P., 279
S.W.3d 640, 646 (Tex. 2009) (holding that a subsequent non-injured spouse’s
loss of consortium claim is not barred by a settlement agreement signed by the
injured spouse); Whittlesey v. Miller,
572 S.W.2d 665, 667-69 (Tex. 1978) (same); Lehmann
v. Har-Con Corp., 76 S.W.3d 555, 564 (Tex. App. – Houston [14th Dist.]
2002, no pet.) (recognizing loss of parental consortium claim is not
automatically extinguished because injured parent settles his underlying
claim); see also Reed Tool Co., 610
S.W.2d at 738-39 (sovereign immunity, contributory negligence, and consent
defenses as other possible defenses which could constrict or exclude a spouse’s
loss of consortium claims).  The
distinction between settlement and other defenses is due to the rules
applicable to settlement.  A release
cannot bind a person who is not a party to the settlement agreement.  First
Trust Corp. TTEE FBO v. Edwards, 172 S.W.3d 230, 239 (Tex. App. – Dallas
2005, pet. denied); Dwyer v. Sabine
Mining Co., 890 S.W.2d 140, 143 (Tex. App. – Texarkana 1994, writ denied); see also Whittlesey, 572 S.W.2d at 669.  A party who does not own a claim is unable to
release it.  Equitable Recovery, L.P. v. Heath Ins. Brokers, L.P., 235 S.W.3d
376, 387 (Tex. App. – Dallas 2007, pet. dism’d).  Therefore, a person is not bound by a release
unless he has given authority for the third party to act for him.  Dwyer,
890 S.W.2d at 143.  Furthermore, minors
lack the capacity to bring a legal claim and claims belonging to them must be asserted
through a legal guardian, a next friend, or guardian ad litem.  Austin
Nursing Ctr. v. Lovato, 171 S.W.3d 845, 849 (Tex. 2005).  The claims of a minor may not be settled
without court approval.  Tex. R. Civ. P. 44(2) (a next friend or
guardian ad litem may with the approval of the court, compromise suit and agree
to judgment that, when approved by the court, are binding upon the minor
plaintiff).  Furthermore, a parent does
not have the right to settle a minor’s claim without a guardian ad litem.  See
generally Tex. R. Civ. P.
173.4.

Statute of
Limitations 

In their first sub-issue, Appellants assert the trial court erred
in granting summary judgment for EPOSG as Isabel’s claims for loss of
consortium claims are separate and distinct claims from Mr. Maes’ underlying
claim, and her claims could not be time-barred due to the expiration of the
statute of limitations on Mr. Maes’ claim. 
We recognize that loss of parental consortium claims are separate and
independent claims, but simply because a child has an independent right to
assert the claims does not mean they are not derivative claims.  See Lehmann, 76 S.W.3d at 564.  Under Texas law, claims for loss of parental
consortium are extinguished by the running of the statute of limitations on the
injured parent’s underlying claim.  See Upjohn Co., 885 S.W.2d at 541; Nash ex. rel. Nash v. Selinko, 14
S.W.3d 315, 318 (Tex. App. – Houston [14th Dist.] 1999, pet. denied); Martinez v. Humble Sand & Gravel, Inc.,
940 S.W.2d 139, 148 (Tex. App. – El Paso 1996), aff’d sub nom. Childs v.
Haussecker, 974 S.W.2d 31 (Tex. 1998). 
Nevertheless, Appellants maintain that the
statute of limitations for Isabel is tolled under the Medical Liability Act and
Chapter 74 of the Texas Civil Practice & Remedies Code.  See
former Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 10.01 (repealed Sept. 1, 2003); Tex.
Civ. Prac. & Rem. Code Ann. § 74.251(a) (West 2011) (creating a
two-year statute of limitations for health care liability claims and providing
that minors under the age of twelve years have until their fourteenth birthday
to file a health care liability claim). 
We do not agree.

In
Nash v. Selinko, the court held that a child’s loss of parental consortium claims are
extinguished by the expiration of the statute of limitations on the injured
parent’s underlying claim, “especially since limitations is a defense which
would bar the injured parent’s recovery.” 
Nash, 14 S.W.3d at 318.  Nash also
concluded that the expiration of the statute of limitations on the injured
parent’s claim is a valid defense against a claim for loss of parental
consortium.  Id.  A child seeking damages for the loss of
consortium of his or her injured parent shares the same statute of limitations
that applies to the injured parent’s underlying claim.  See id.  In Nash,
the court concluded that section 10.01 of the Medical Liability Act barred the
children of an injured parent who was still alive from bringing a loss of
parental consortium claim, where the alleged medical negligence occurred in
1988, and the children’s loss of consortium claims were not asserted until
1996.  Nash, 14 S.W.3d at 316;
see also former Tex. Rev. Civ. Stat. Ann. art. 4590i, §
10.01 (repealed Sept. 1, 2003); Tex.
Civ. Prac. & Rem. Code Ann. § 74.251(a) (West 2011).  We find Nash to be
persuasive.

Mr. Maes’ cause of action accrued in 2001 after he underwent back
surgery.  The two-year statute of
limitations expired in 2003.  See former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (repealed Sept.
1, 2003); Tex. Civ. Prac. & Rem.
Code Ann. § 74.251(a) (West 2011). 
EPOSG concedes that Mr. Maes’ original suit was timely, but counters
that the expiration of the statute of limitations on Mr. Maes’ claim in general
creates a derivative bar to Isabel’s claim for loss of parental
consortium.  Here, as in Nash,
Isabel’s loss of parental consortium claims were filed in 2010, long after
the statutory limitations period had expired on Mr. Maes’ claim, and his claim would
have been untenable.   See Nash, 14 S.W.3d at 319.  Because a claim for loss of parental
consortium is derivative in nature and owes its existence to the injured
parent’s claim, it is subject to the same defenses the injured parent’s action
would have been subject to.   Nash,
14 S.W.3d at 317-18; see also Upjohn Co.,
885 S.W.2d at 541 (consortium claims are subject to the same defenses as
underlying claim).  Isabel’s right to sue
for loss of parental consortium was “extinguished” when the two-year statute of
limitations ran on her father’s underlying claim.  Nash,
14 S.W.3d at 317-18; Upjohn Co., 885
S.W.2d at 541.

Appellants also argue that applying a limitations bar to Isabel’s
claims before she reaches twenty years of age would be a violation of Article
I, Section 13 of the Texas Constitution and the Supreme Court’s holding in Sax v. Votteler, 648 S.W.2d 661 (Tex.
1983) (holding that a limitations statute limiting a minor’s opportunity to
file a medical malpractice suit violated the open-courts provision because it
effectively abolished the minor’s right to assert the cause of action.  Id. at
667; see Tex. Const. art. I, § 13. 
However, we note that the holding in Sax
dealt with a child’s claim for medical malpractice not a child’s claim for loss
of parental consortium.   Id. at 663.  The trial court did not err
in granting summary judgment in favor of EPOSG based on a limitations defense
because the running of the statute of limitations on Mr. Maes’ claim
extinguishes Isabel’s claim for loss of consortium.  Nash,
14 S.W.3d at 318; see also Howard v. Fiesta
Texas Show Park, Inc.,
980 S.W.2d 716, 719 (Tex. App. – San Antonio 1998, pet. denied) (loss of
consortium and loss of services claims are derived from the injured family
member’s underlying claim for personal injuries and are subject to the same
statute of limitations and defenses that preclude liability); but see
Browning-Ferris Industries, Inc. v. Lieck, 845 S.W.2d 926, 949 (Tex. App. –
Corpus Christi 1992), rev’d on other
grounds, 881 S.W.2d 288 (Tex. 1994) (loss of spousal consortium claim is
controlled by its own statute of limitations).

Dismissal of Underlying
Healthcare Liability Claim

In their second sub-issue, Appellants argue that Isabel’s loss of
parental consortium claims are not barred and should not be impacted by the
dismissal of her father’s underlying claim with prejudice in prior litigation for
failure to file a proper expert report.

Isabel’s
claim is derivative of her father’s claims against EPOSG, and any defense
tending to constrict or exclude EPOSG’s liability to her father has the same
effect on Isabel’s loss of consortium claim. 
Reagan, 804 S.W.2d at 468; Upjohn Co., 885 S.W.2d at 541; see
also Reed Tool Co., 610 S.W.2d at 738-39; Whittlesey, 572 S.W.2d at
667.  In other words, loss of parental
consortium claims are so closely related to the injured parent’s underlying
claim that they are inseparable from the underlying claim as a child cannot
recover damages if the defendant is not found to be liable for the injured
parent’s underlying claim.  See Reagan, 804 S.W.2d at
468; Upjohn Co., 885 S.W.2d at 541; Reed Tool Co., 610 S.W.2d at 738-39;
Whittlesey, 572 S.W.2d at 667.

Appellants
attempt to draw an analogy between loss-of-parental consortium claims with
insurance subrogation claims. 
Specifically, Appellants point to the fact that Texas courts have held
that the viability of a subrogee’s claim does not depend on the viability of
the subrogor or insured’s claim. 
However, we find Appellants argument unconvincing because, in Texas, a party’s loss of consortium claim must derive
from a successful underlying tort claim. 
Barker v. Halliburton Co.,
645 F.3d 297, 300 (5th Cir. 2011); see
generally Motor Express Inc., v. Rodriguez, 925 S.W.2d 638, 640 (Tex.
1996); Whittlesey, 572 S.W.2d 665,
667-69.  In Barker, the Fifth Circuit upheld the dismissal of a husband’s loss-of-consortium
claim because the claim:  (1) did not
derive from his injured spouse’s successful tort claim, but rather stemmed from
a federal civil-rights claim; and (2) did not derive from his wife’s successful
tort claim for her physical injuries, as an arbitrator had dismissed his wife’s
claim with prejudice.  Barker, 645 F.3d at 299-300.

We
find the Fifth Circuit’s reasoning persuasive. 
Here, Mr. Maes’ underlying claim was not successful because it was
dismissed with prejudice in prior litigation. 
See Maes, 243 S.W.3d at 697. 
Had
Appellants joined Isabel as a plaintiff in their original lawsuit in 2003, her
derivative claim would have likewise been barred due to the dismissal of her
father’s underlying claim.  See
Am. Industries Life Ins. Co. v. Ruvalcaba, 64 S.W.3d 126, 144 (Tex. App. – Houston [14th Dist.] 2001, pet.
denied) (loss of consortium claims are derivative of the underlying personal
injury action and thus, barred if the injured party has no recovery); Howard, 980 S.W.2d at 719 (“Claims for loss
of consortium and loss of services are derivative of the injured family member’s
cause of action for personal injuries and are subject to the same statute of
limitations and defenses that preclude liability.”).  We note that requiring
a
loss-of-consortium claim to derive from a successful underlying tort claim
reduces the potential for multiple cases and conflicting outcomes.

It
would be
illogical to conclude that the dismissal of Mr. Maes’ underlying claim did not similarly
bar the derivative claim that Appellants filed on Isabel’s behalf in 2010.  To permit a derivative loss-of-parental
consortium claim to survive the same defenses that precluded liability on the
injured parent’s underlying claim would lead to untenable results such that a
defense which would have barred an earlier presented claim would not operate to
extinguish a later-presented claim.  To hold otherwise could entice
parties to wait to bring a loss of consortium claim just in case the underlying
tort claim fails in the first suit, effectively giving them a second chance in
court.  The fact that a proper expert report was filed
in Isabel’s claim in 2010, does not change the fact that Mr. Maes’ claim was
dismissed with prejudice, as such, Isabel’s derivative claim suffers the same
prejudice.  Barker, 645 F.3d at 300; see generally Motor Express Inc., 925 S.W.2d at 640; Whittlesey, 572 S.W.2d at 667-69.

We
conclude that the trial court did not err in granting EPOSG’s motion for
summary judgment because the dismissal of her father’s underlying claim also
excludes her claims for loss of parental consortium.  See
Barker, 645 F.3d at 300; Am.
Industries Life Ins. Co., 64 S.W.3d at 144; Howard, 980 S.W.2d at 719; see
also J & J Timber Co. v. Broome, 932 So.2d 1, 6 (Miss. 2006) (where an
underlying personal injury claim has been disposed of, a loss of consortium claim
cannot be maintained).  Accordingly, we
hold that the trial court did not err by granting EPOSG’s motion for summary
judgment on Isabel’s loss of consortium claims where the underlying claim was
dismissed with prejudice.  Barker, 645 F.3d at 300; Am. Industries Life Ins. Co., 64 S.W.3d
at 144; Howard, 980 S.W.2d at 719; J & J Timber Co., 932 So.2d at 6.   Issue One is overruled.

CONCLUSION

 

We affirm the judgment of the trial court.

 

                                                                        GUADALUPE
RIVERA, Justice

October 31, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
The claims against Dr. Cho were not dismissed and the parties later settled.





[2]
Effective September 1, 2003, the Legislature repealed the Medical Liability Act
and replaced it with Chapter 74 of the Civil Practice and Remedies Code.  See Acts
of 1977, 65th Leg., R.S., ch. 817, 1977 Tex.
Gen. Laws 2039, 2039-2053, amended by Acts of 1993, 73rd Leg., R.S., ch.
625, § 3, 1993 Tex. Gen. Laws 2347,
2347-49, amended by Acts of 1995, 74th Leg., R.S.,
ch. 140, § 1, 1995 Tex. Gen. Laws
985, 985-89 (former Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 1.01-16.02,
the “Medical Liability and Insurance Improvement Act”) (henceforth “former Tex. Rev. Civ. Stat. Ann. art. 4590i”), repealed by Acts of
2003, 78 Leg., R.S., ch. 204, § 10.09, 2003 Tex.
Gen. Laws 847, 884 (current version at Tex.
Civ. Prac. & Rem. Code Ann. § 74.001 et seq. (West 2011) (eff. Sept. 1, 2003).